# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-2084

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Penny Jillean Christenson, | * | |
| | * | |
| Appellee. | * | |

—————

Submitted: November 16, 2004
Filed: April 13, 2005

—————

Before SMITH, BEAM, and BENTON, Circuit Judges.

—————

BENTON, Circuit Judge.

The United States appeals the sentence of Penny J. Christenson, arguing that the district court[1] abused its discretion by departing downward 75 percent for "substantial assistance." Jurisdiction being proper under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, this court affirms.

Christenson was indicted for conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

———————————

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

She pleaded guilty pursuant to a plea agreement.  At sentencing, Christenson faced a 240-month mandatory minimum sentence.  Absent it, her sentencing range was 135 to 168 months.  The government, in its sole discretion, moved for a downward departure based on Christenson's substantial assistance in investigating and prosecuting others.  *See* **18 U.S.C. § 3553(e)**; **U.S.S.G. § 5K1.1**.  The government recommended a 10 percent departure, to 216 months. Defense counsel proposed a 40 percent departure, to 144 months.  The district court sentenced Christenson to 60 months in prison.

While this appeal was pending, the Supreme Court held that the Federal Sentencing Guidelines are no longer mandatory.  *See* **United States v. Booker**, 125 S. Ct. 738, 756-57 (2005).  The guideline range "no longer dictates the final sentencing result but instead is an important factor that the sentencing court is to consider along with the factors contained in § 3553(a) in reaching the sentencing result."  **United States v. Rodriguez**, 398 F.3d 1291, 1301 (11th Cir. 2005), *citing* **Booker**, 125 S. Ct. at 764-65.  A sentencing court must consider the guidelines, determine the applicable range, but may depart from the suggested guideline range.  **United States v. Mares**, 2005 WL 503715, at \*7 (5th Cir. Mar. 4, 2005).  Sentences are reviewed for unreasonableness.  **Booker**, 125 S. Ct. at 765-66.  The standard guiding unreasonableness is 18 U.S.C. § 3553(a).  **Id.**

First, this court considers the advisory guidelines, under which substantial assistance departures are constrained by U.S.S.G. § 5K1.1.  **Melendez v. United States**, 518 U.S. 120, 129 (1996).  Section 5K1.1 provides:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a)	The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

   (1)	the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

   (2)	the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

   (3)	the nature and extent of the defendant's assistance;

   (4)	any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

   (5)	the timeliness of the defendant's assistance.

At sentencing, the government explained that Christenson immediately admitted her involvement, was indicted and began to cooperate, debriefed, gave corroborative testimony before the grand jury for the indictment of one defendant, and tried to work actively for a controlled buy of methamphetamine. Defense counsel added: "she did give some information about a house on Ingleside which did lead to – which we believe led to some arrests and at least the police officers watching that house."

The judge announced the sentence. The government objected to the extent of the departure in light of her cooperation. The judge stated, "Okay. Well, I made my decision based on my evaluation of the 5K factors, so anything further?" The government responded, "No, Your Honor."

The government argues that the district court owed deference to its recommended 10 percent departure. True, the commentary to section 5K1.1 directs

that "substantial weight" be given to the government's evaluation of the extent of the assistance. **U.S.S.G. § 5K1.1, cmt. n.3**. The sentencing court must give serious consideration to the government's evaluation, but it is certainly not controlling. *United States v. Pizano*, No. 04-1348, at 8 (8th Cir. 2005). The *court* determines the appropriate reduction. *See* **U.S.S.G. § 5K1.1(a)**; *United States v. Castellanos*, 904 F.2d 1490, 1497 (11th Cir. 1990).

The government made Christenson eligible for a substantial assistance departure and – in its sole discretion – opened the door to the departure. The record indicates that the district court seriously considered the government's recommendation before arriving at its own evaluation of the significance and usefulness of Christenson's assistance. To depart, a court must have "reasons" that shall be "stated." *See* **18 U.S.C. § 3553(c)**; **U.S.S.G. § 5K1.1(a)**. In this case, the court stated that it evaluated the section 5K1.1 factors. This is not a case where the court considered irrelevant factors. *See* **U.S.S.G. § 5K1.1, cmt. background**.

Thus, considering the advisory guidelines, the district court arrived at a 60-month sentence, which this court reviews for unreasonableness. Important in this case are the "characteristics of the defendant." *See* **18 U.S.C. § 3553(a)(1)**. As discussed, Christenson cooperated sufficiently that the government opened the door to the lighter sentence it now appeals. In light of her cooperation, it is not unreasonable to conclude five years in prison reflects a serious offense, promotes respect for the law, provides just punishment, deters criminal conduct, and protects the public from further crimes. *See* **18 U.S.C. § 3553(a)(2)(A)-(C)**. By the section 3553(a) factors, Christenson's 60-month sentence is not unreasonable.

Christenson's sentence is distinguishable from the sentences reversed in *United States v. Dalton*, No. 04-1361 (8th Cir. 2005) and *United States v. Haack*, No. 04-1594 (8th Cir. 2005). Like Christenson, Dalton debriefed and testified before a grand jury. However, Dalton's cooperation clearly ended when she absconded while on

pretrial release. *Dalton*, No. 04-1361, at 5. And the district court did not explain on the record that it evaluated the section 5K1.1 factors. *Id.*

Unlike Christenson, the defendant in *Haack* did not attempt to work actively for a controlled drug buy, or give grand jury testimony. *See Haack*, No. 04-1594, at 14-15. Further, the sentencing judge there made comments indicating it "departed, at least in part, based upon the improper factor of dissatisfaction with the sentencing guidelines, and not solely on the defendant's cooperation." *Id.* at 15. Here, there are no such comments.

The sentence is affirmed.

_____