# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

————————

No. 04-2560

————————

United States of America,

        Appellee,

        v.

Shelly Mashek,

        Appellant.

Appeal from the United States District Court for the Northern District of Iowa.

————————

Submitted: February 15, 2005
Filed: May 10, 2005

————————

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

————————

GRUENDER, Circuit Judge.

Shelly Mashek pled guilty to a one-count information charging her with knowingly making available her residence for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856. She appeals the decision of the district court denying her a two-level reduction based on U.S.S.G. § 2D1.1(b)(6). U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(6) (2003). The district court held that the two-level reduction is inapplicable to a sentence based on a conviction under 21 U.S.C. § 856 because this offense is not enumerated in the federal sentencing

guidelines safety-valve provision, U.S.S.G. § 5C1.2(a).[1]  On appeal, Mashek argues that the plain language of § 2D1.1(b)(6) does not incorporate the safety-valve provision's limitation to the specific offenses enumerated in § 5C1.2(a).  We agree that the district court erred in calculating the appropriate federal sentencing guidelines range and that this error was not harmless.  Therefore, we vacate Mashek's sentence and remand for resentencing.

## I.    BACKGROUND

After Mashek's guilty plea to a charge of knowingly making available her residence for the purpose of manufacturing methamphetamine, in violation of 21 U.S.C. § 856, the district court directed the U.S. Probation Office to prepare a presentence investigation report (PSR), including an initial calculation of Mashek's guidelines range.  Applying U.S.S.G. § 2D1.8, the PSR cross-referenced to § 2D1.1, which provided for a base offense level of 28.  Pursuant to § 2D1.1(b)(6),[2] the PSR recommended a two-level reduction because Mashek met the requirements of § 5C1.2(a)(1)-(5).[3]  The Government objected, arguing that the two-level reduction is

---

[1]The guidelines safety-valve provision, § 5C1.2(a), is derived from and identical to the statutory safety-valve provision, 18 U.S.C. § 3553(f).

[2]Section 2D1.1(b)(6) provides, "If the defendant meets the criteria set forth in subdivisions (1) to (5) of subsection (a) of § 5C1.2 . . . , decrease by 2 levels."

[3]Section 5C1.2(a) provides in relevant part:

[I]n the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:

(1) the defendant does not have more than 1 criminal history

only available for a defendant who is convicted of one of the offenses enumerated in § 5C1.2(a). The offense to which Mashek pled guilty, 21 U.S.C. § 856, is not among those enumerated in the safety-valve provision.

The district court upheld the Government's objection and denied the two-level reduction. The district court then granted a three-level acceptance-of-responsibility reduction, resulting in a total offense level of 25 with a guidelines range of 57 to 71 months. Finally, the district court granted the Government's U.S.S.G.§ 5K1.1 motion for substantial assistance and departed downward from the guidelines range by approximately 20%, effectively reducing Mashek's total offense level by two levels. With an ultimate offense level of 23 and a sentencing range of 46 to 57 months, the

point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 . . . ;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

district court sentenced Mashek to 46 months' imprisonment. Mashek's timely notice of appeal followed.

## II.    DISCUSSION

### A.    Post-*Booker* Appellate Review

We now know that relying on judicial fact-finding to impose a sentence under mandatory sentencing guidelines violates the Sixth Amendment. *United States v. Booker*, 125 S.Ct. 738, 756 (2005). The Supreme Court recognized, however, that "[i]f the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." *Id.* at 750. To remedy the constitutional violation, the *Booker* Court excised only those provisions of the Sentencing Reform Act that made the guidelines mandatory. *Booker*, 125 S.Ct. at 764-66. Guiding the Supreme Court's decision was, among other things, the desire to retain Congress's basic statutory goal of creating "a [sentencing] system that diminishes sentencing disparity." *Id.* at 759. To this end, only "two specific statutory provisions [were severed and excised]: the provision that requires sentencing courts to impose a sentence within the applicable Guidelines range (in the absence of circumstances that justify a departure), *see* 18 U.S.C. § 3553(b)(1) (Supp. 2004), and the provision that sets forth standards of review on appeal, including de novo review of departures from the applicable Guidelines range, *see* § 3742(e) (main ed. and Supp. 2004)." *Id*. at 764; *see also United States v. Christenson*, No. 04-2084, slip op. at 2 (8th Cir. Apr. 13, 2005) (reviewing the district court's downward departure based on § 5K1.1 for reasonableness).

Mashek does not argue that her sentence, pronounced under a mandatory guidelines system, is unconstitutional in light of *Booker*. Instead, Mashek only challenges the district court's interpretation and application of the relevant guidelines

provision, § 2D1.1. However, we apply *Booker's* remedial holdings to all cases pending on direct review. *Booker*, 125 S.Ct. at 769. We must therefore determine the effect of, and standard of review for, a timely raised challenge to the district court's interpretation of the guidelines in light of *Booker*.

Under the sentencing scheme that survives *Booker*, both the defendant and the Government retain the statutory right to challenge on appeal the district court's interpretation or application of the guidelines. 18 U.S.C. §§ 3742(a), (b). "If the court of appeals determines that . . . the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C. § 3742(f)(1); *see also Booker*, 125 S.Ct. at 767 (recognizing that § 3742(f) remains applicable to appellate review under an advisory guidelines system). The duty to remand all sentences imposed as a result of an incorrect application of the guidelines exists independently of whether we would find the resulting sentence reasonable under the standard of review announced in *Booker*. As the Supreme Court has recognized in the context of departures, § 3742(f) does not provide for a reviewing court to affirm a sentence based on its overall reasonableness when it was imposed as a result of an incorrect application of the guidelines. Instead, § 3742(f)(1) commands the reviewing court to remand a case where the district court incorrectly applied the guidelines. *Williams v. United States*, 503 U.S. 193, 201-03 (1992).

Given the statutory mandate to review the district court's interpretation and application of the guidelines independently of the reasonableness of the sentence, we must now determine the appropriate standard of review for such an inquiry. By excising subpart (e) from § 3742, the Supreme Court eliminated the familiar statutory standards of review for sentences imposed under the guidelines. The Supreme Court partially filled the resulting void when it concluded that sentences should be reviewed for reasonableness in light of § 3553(a). The Supreme Court did not, however,

announce a standard for reviewing the legal conclusions inherent in the district court's application of the advisory guidelines.[4] To fill this remaining void, we, like the Supreme Court, look to the implications of the remaining statutory provisions and to experience from past practices of appellate courts. *Booker*, 125 S.Ct. at 765.

In deciding that a sentence must be reviewed for reasonableness, the Supreme Court looked to appellate practices prior to the PROTECT Act, Pub.L. 108-21, § 401(d)(1), 117 Stat. 670 (2003). *Booker*, 125 S.Ct. at 765; *see also United States v. Villegas*, No. 03-21220, slip op. at 14 n.7 (5th Cir. Mar. 17, 2005). After examining our appellate practices prior to 2003,[5] we believe the most appropriate standard for reviewing a district court's interpretation and application of the guidelines is the de novo standard. *United States v. Mathijssen*, No. 04-1995, slip op. at 3-4 (8th Cir. May 2, 2005); *see also Villegas*, slip op. at 8 (identifying the Fourth, Sixth and Tenth Circuits as continuing to review a district court's application of the guidelines de novo and adopting the de novo standard of review for the Fifth Circuit ) (citing

---

[4]The appropriate guidelines range, though now calculated under an advisory system, remains the critical starting point for the imposition of a sentence under § 3553(a). *See Booker*, 125 S.Ct. at 767; 18 U.S.C. §§ 3553(a)(4),(5); *United States v. Haack*, No. 04-1594, slip op. at 9 (8th Cir. Apr. 13, 2005) ("[T]he sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the imposition of a sentence."); *United States v. Marcussen*, No. 04-2935, slip op. at 6 n.4 (8th Cir. Apr. 11, 2005). *See also* U.S.S.G. § 1B1.2. When a district court exercises its discretion to depart or vary from the appropriate guidelines range, it must continue to provide the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c)(2).

[5]Prior to the PROTECT Act, this Court reviewed interpretations and applications of the guidelines de novo, *United States v. Gelinas*, 299 F.3d 978, 979 (8th Cir. 2002), findings of fact for clear error, *United States v. Waldman*, 310 F.3d 1074, 1079 (8th Cir. 2002), decisions to depart for abuse of discretion and the resulting sentence for reasonableness, *United States v. Iron Cloud*, 312 F.3d 379, 382 (8th Cir. 2002).

*United States v. Hughes*, 401 F.3d 540, 546-47, 556-57 (4th Cir.) (on panel rehearing), *reh'g en banc denied*, (Apr. 8, 2005); *United States v. Hazelwood*, 398 F.3d 792, 794-95, 800-01 (6th Cir. 2005); *United States v. Doe*, 398 F.3d 1254, 1257-58 & n.5 (10th Cir. 2005)).

We see no reason to deviate in this one instance from our normal practice of reviewing de novo a district court's legal conclusions. We would expect that if the Supreme Court intended to change fundamentally the manner in which we review a district court's legal conclusions, even in just one circumstance, it would have said so explicitly. *See Villegas*, slip op. at 10-11 (concluding that *Booker* neither imposed the reasonableness standard for reviewing a district court's interpretation and application of the guidelines nor precluded appellate courts from reviewing such legal conclusions de novo). Finally, we believe that applying the de novo standard of review to the application of the guidelines under § 3742(f)(1) before reviewing the resulting sentence for reasonableness ensures fidelity to Congress's goal of diminishing sentencing disparities while preserving the constitutionality of the now-advisory guidelines.

In summary, post-*Booker* review of a timely raised challenge to the district court's interpretation and application of the guidelines is a two-step process. *Cf. Mathijssen*, slip op. at 3-4 (noting that our review of the district court's application of the guidelines is different from our review of the ultimate sentence for reasonableness). First, we will continue to examine de novo whether the district court correctly interpreted and applied the guidelines.[6] We will also continue to review

_____

[6]In general, there is "nothing in *Booker* that would require the [district] court to determine the sentence in any manner other than the way the sentence would have been determined pre-*Booker*." *Haack*, slip op. at 10. Of course, we recognize that there may be rare cases where an appropriate guidelines range is difficult or impossible to calculate. *See Booker*, 125 S.Ct. at 766; *see also Haack*, slip op. at 9. For example, there may be situations where there are no applicable guidelines

findings of fact for clear error. *See United States v. Killgo*, 397 F.3d 628, 631 (8th Cir. 2005) ("Whether an act or omission constitutes relevant conduct, under the Sentencing Guidelines, is a factual determination, which we review for clear error."). Finally, we will review a district court's decision to depart from the appropriate guidelines range for abuse of discretion. *See Booker*, 125 S.Ct. at 765; *see also United States v. Pizano*, No. 04-1348, slip op. at 5 (8th Cir. Apr. 13, 2005) ("To make the reasonableness determination, we ask whether the district court abused its discretion."). If the sentence was imposed as the result of an incorrect application of the guidelines, we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a).

Of course, we continue to apply ordinary prudential doctrines to guidelines calculations. For instance, there may be situations where an error in calculating the appropriate guidelines range is harmless and, therefore, does not require immediate remand. *See Williams*, 503 U.S. at 203. One such situation is where the resulting sentence lies in the overlap between the correct and incorrect guidelines ranges. *See, e.g., United States v. Harris*, 390 F.3d 572, 573 (8th Cir. 2004) ("'If the sentence imposed falls within the guideline range urged by the appellant and if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed,' there can be no reversible error in the sentence.") (quoting *United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir. 1992)).

If we determine that the district court correctly calculated the applicable guidelines range, we then reach the second step of our analysis, a review of any challenge to the reasonableness of the sentence in light of § 3553(a).[7] *Booker*, 125

provisions. *See* 18 U.S.C. §§ 3742(a)(4), (b)(4).

[7]In an opinion dealing with the reasonableness of the extent of a § 5K1.1 departure, a panel of the Court discussed, in dicta, possible situations "where

-8-

S.Ct. at 765-66. This examination includes whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance or guidelines departure is reasonable. *See Haack*, slip op. at 12 (holding that the district court abused its discretion by departing to an unreasonable extent). If the district court correctly applied the guidelines and imposed a reasonable sentence in light of § 3553(a), we will affirm the district court's judgment.

## B. Review of Mashek's Sentence

With respect to the matter on appeal here, we must first determine whether the district court imposed Mashek's sentence based on an erroneous understanding of § 2D1.1(b)(6). Our analysis begins by reviewing de novo the district court's application of § 2D1.1(b)(6). We conclude that the district court erred by refusing to grant Mashek the two-level reduction under § 2D1.1(b)(6). Because we hold that this incorrect application of the guidelines was not harmless, we must remand the case pursuant to 18 U.S.C. § 3742(f)(1). Therefore, we need not proceed to the second step of the analysis, a determination of whether the sentence, including the extent of the district court's § 5K1.1 departure, is reasonable in light of § 3553(a).

The appropriate guidelines provision for a defendant convicted of a violation of 21 U.S.C. § 856 is § 2D1.8. That provision in turn directs the district court to § 2D1.1, where a defendant may qualify for a two-level reduction if she "meets the

---

sentencing factors may be so complex, or other § 3553(a) factors may so predominate, that the determination of a precise sentencing range may not be necessary or practical." *Haack*, slip op. at 9. Based on the surviving provisions of the Sentencing Reform Act, we believe the better approach is for the district court to continue to calculate the appropriate guidelines range by resolving all relevant factual disputes, even in complex cases, and for this Court to continue to defer to those factual findings unless they are clearly erroneous.

criteria set forth in subdivisions (1) to (5) of subsection (a) of § 5C1.2." U.S.S.G. § 2D1.1(b)(6). Section 5C1.2(a) allows for a sentence below a statutory mandatory minimum sentence where the defendant meets the five criteria listed in subdivisions (1) to (5), but only for a defendant convicted under 21 U.S.C. § 841, 844, 846, 960 or 963.

Mashek argues that, by its terms, § 2D1.1(b)(6) does not limit the applicability of the two-level reduction to the offenses enumerated in § 5C1.2(a). In other words, she argues that § 5C1.2(a) addresses a situation where the district court may bypass a statutory mandatory minimum sentence, while § 2D1.1(b)(6) merely incorporates the five criteria of § 5C1.2(a) in order to provide a two-level reduction based on a specific offense characteristic.[8]

The Government's argument that the two-level reduction is limited to the enumerated offenses relies primarily on *United States v. Koons*, 300 F.3d 985 (8th Cir. 2002). Koons was convicted under 21 U.S.C. § 860(a), a statute with a five-year mandatory minimum sentence. At sentencing, the district court calculated Koons's guidelines range at 97 to 127 months and imposed a sentence of 97 months. On appeal, Koons argued that he was eligible for a § 5C1.2(a) reduction. This Court held that because 21 U.S.C. § 860(a) was not an offense listed in § 5C1.2(a), Koons was ineligible for a § 5C1.2(a) reduction below the statutory mandatory minimum five-year sentence.

---

[8]An imprecise use of the term "safety-valve provision" can create confusion. We have previously recognized that "safety-valve relief is intended to avoid imposition of mandatory minimum sentences." *United States v. Anton*, 380 F.3d 333, 335 (8th Cir. 2004). Therefore, if the district court finds that the defendant meets the criteria of § 5C1.2(a), "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." U.S.S.G. § 5C1.2(a). Section § 2D1.1(b)(6), on the other hand, is nothing more than a listed offense characteristic for which a defendant, without regard to the applicability of a statutory mandatory minimum sentence, may qualify for a two-level reduction.

Though the *Koons* Court did not specifically cite the two-level reduction under § 2D1.1(b)(6), the Government argues that the Court must have held that Koons was not entitled to a two-level reduction under § 2D1.1(b)(6) because the lower end of Koons's guidelines range exceeded the statutory mandatory minimum five-year sentence, thereby making the § 5C1.2(a) safety-valve provision irrelevant. On its face, there is some appeal to the Government's interpretation. A review of the case and the Government's brief in that case, however, does not support this conclusion.

Koons was convicted of distributing methamphetamine within 1,000 feet of a public playground in violation of 21 U.S.C. § 860. The appropriate guidelines provision is U.S.S.G. § 2D1.2 which, like § 2D1.8, contains a cross-reference to § 2D1.1. Therefore, the two-level reduction available under § 2D1.1(b)(6) was a consideration in the calculation of Koons's offense level. We notice, however, that neither the *Koons* opinion nor the Government's brief in *Koons* mentions a two-level reduction. *See* Brief for Appellee, *United States v. Koons*, 300 F.3d 985 (8th Cir. 2002) (No. 01-3177). Instead, a careful reading reveals that Koons was seeking the combined benefit of a U.S.S.G. § 5K2.0 downward departure and a § 5C1.2(a) safety-valve reduction in order to obtain a sentence below the statutory mandatory minimum. *See Koons*, 300 F.3d at 989-90. Therefore, we believe that the holding of *Koons* is limited to the applicability of the § 5C1.2(a) safety-valve reduction to offenses enumerated in the safety-valve provision. Contrary to the Government's position, *Koons* does not hold that the two-level reduction available under § 2D1.1(b)(6) is also limited to the offenses enumerated in § 5C1.2(a).

In reaching our conclusion, we find *Koons's* citation to other circuits' case law noteworthy. All three cases cited by the *Koons* Court in support of its holding involved defendants seeking sentences below the statutory mandatory minimum. *See United States v. Anderson*, 200 F.3d 1344 (11th Cir. 2000) (deciding that a defendant convicted under 21 U.S.C. § 860 does not qualify for a § 5C1.2(a) safety-valve reduction below the statutory mandatory minimum); *United States v. Kakatin*, 214

F.3d 1049 (9th Cir. 2000) (focusing on statutory mandatory minimum sentences and not addressing the two-level reduction in § 2D1.1(b)(6)); *United States v. McQuilkin*, 78 F.3d 105, 106 (3d Cir. 1996) ("The issue on appeal is whether the 'safety valve' provision in 18 U.S.C. § 3553(f) applies to 21 U.S.C. § 860 . . . so that a court may impose a sentence shorter than the statutory minimum provided in § 860.").

By contrast, the *Koons* Court did not cite the only case to deal directly with the availability of a § 2D1.1(b)(6) two-level reduction for those convicted under 21 U.S.C. § 860. Prior to *Koons*, the Fourth Circuit held that the "plain language of § 2D1.1(b)(6) . . . merely requires that a defendant meet the criteria found in § 5C1.2(1)-(5); it does not limit the defendant's eligibility for the two-level downward reduction based upon the offense of conviction or otherwise state that the defendant must satisfy any of the other requirements found in § 5C1.2." *United States v. Warnick*, 287 F.3d 299, 304 (4th Cir. 2002); *see also United States v. Leonard*, 157 F.3d 343, 345-46 (5th Cir. 1998) ("On its face § 2D1.1[(b)(6)] applies to all defendants convicted of drug crimes . . . so long as they meet the criteria listed in § 5C1.2[(a)](1)-(5)") (quoting *United States v. Osei*, 107 F.3d 101, 103-05 (2d Cir. 1997)); *United States v. Mertilus*, 111 F.3d 870, 873-74 (11th Cir. 1997) ("Section 2D1.1(b)[(6)] does not limit consideration of the two-level reduction to the enumerated offenses in section 5C1.2[(a)]."). We agree with these circuits that "§ 2D1.1(b)(6) operates independently from § 5C1.2[(a)] and is subject only to the limitations contained in § 5C1.2[(a)](1)-(5)." *Warnick*, 287 F.3d at 304 (characterizing *Osei*, 107 F.3d at 103-05).

Section 2D1.1(b)(6) states, "If the defendant meets the criteria set forth in subdivisions (1) - (5) of subsection (a) of § 5C1.2 . . . , decrease [the offense level] by 2 levels." The plain language of § 2D1.1(b)(6) does not limit a defendant's

-12-

eligibility for the two-level reduction to the offenses enumerated in § 5C1.2(a).[9] By its terms, § 2D1.1(b)(6) refers only to the criteria listed in subdivisions (1) through (5) of § 5C1.2(a). *See United States v. Ashley*, 342 F.3d 850, 852 (8th Cir. 2003) ("'When construing the Guidelines, we look first to the plain language, and where that is unambiguous we need look no further.'") (quoting *United States v. Andreas*, 216 F.3d 645, 676 (7th Cir. 2000)). The district court's conclusion to the contrary is in error.

Having determined that the district court erroneously applied the guidelines, we must now determine whether the error is harmless. The district court's failure to apply correctly the § 2D1.1 two-level reduction resulted in a guidelines range of 57 to 71 months, rather than 46 to 57 months. The grant of a two-level downward departure for substantial assistance then resulted in a range of 46 to 57 months. Though the downward departure caused Mashek to be eventually sentenced within the correct guidelines range, she was effectively denied the benefit of the § 5K1.1 motion. Under these circumstances, where the court granted a § 5K1.1 departure motion, we cannot conclude that the district court would not have intended that Mashek should receive some benefit from her cooperation. Therefore, we conclude that the error was not harmless.

We conclude that Mashek was sentenced as a result of an incorrect application of the guidelines. Because the sentence fails the first step of our analysis, we need not reach the second step, a determination of whether the imposed sentence is reasonable in light of § 3553(a). *See United States v. Gleich*, 397 F.3d 608, 611 n.1 (8th Cir. 2005) (remanding without consideration of the reasonableness of the

---

[9]Conversely, the two-level reduction is not available for every conviction of one of the enumerated offenses. For example, a defendant convicted of a violation of 21 U.S.C. § 841(c)(2) is sentenced under U.S.S.G. § 2D1.11. As we noted in *Anton*, even where a defendant meets the criteria of § 5C1.2(a)(1)-(5), the two-level reduction is not available under § 2D1.11. *Anton*, 380 F.3d at 335.

sentence because of an incorrect application of the guidelines).  Pursuant to §
3742(f)(1), therefore, we must remand the case to the district court for a correct
determination of the appropriate guidelines range before the application of a § 5K1.1
downward departure.

## III.   CONCLUSION

For the foregoing reasons, we conclude that the district court calculated
Mashek's offense level based on an incorrect application of the guidelines.  Because
18 U.S.C. § 3742(f)(1) requires remand of a sentence that is the result of an incorrect
application of the guidelines, we vacate the sentence and remand the case for
resentencing consistent with this opinion and the Supreme Court's opinion in *Booker*.

_____