# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3625

_____

United States of America,

     Appellant,

     v.

Scott E. Goodman,

     Appellee,

_____

Nos. 04-3628/3738

_____

United States of America,

     Appellant/Cross-Appellee,

     v.

Leslie D. Fisher,

     Appellee/Cross-Appellant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Appeals from the United States
District Court for the District
of Nebraska.

[UNPUBLISHED]

_____

Submitted: November 16, 2005
Filed: March 21, 2006

_____

Before ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

On June 24, 2004, Defendants Scott Goodman and Leslie Fisher pleaded guilty to conspiracy to manufacture methamphetamine and possession of pseudoephedrine, knowing or having reason to know that it would be used to manufacture methamphetamine. No drug quantities were set forth in the indictment and neither plea involved a plea agreement. The district court sentenced Fisher to sixteen months on each count to be served concurrently, and three years of supervised release on each count, also concurrent. Goodman received twelve months and one day on each count to be served concurrently, and three years of supervised release on each count, also concurrent. The United States appeals from Fisher's and Goodman's sentences, imposed by the district court post-Blakely[1] and pre-Booker.[2]

Given its interpretation of the then-existing jurisprudence, the district court determined that Goodman and Fisher could only be held responsible for the minimum amount criminalized under the charging statute (that is possession of less than 2.5 grams of methamphetamine or less than 250 milligrams of actual methamphetamine) and that the sentences could not be increased based upon any factors not charged in the indictment and either admitted by the defendant or submitted to a jury beyond a reasonable doubt. Under this approach, the district court imposed a sentence for each defendant significantly less than that contemplated by an application of the then-mandatory sentencing guidelines.

Because the district court was operating without the benefit of Booker or our cases applying Booker, we remand to allow the district court the opportunity to sentence Goodman and Fisher in light of our existing jurisprudence. The district court is now free to conduct judicial factfinding, using the guidelines as advisory provisions

_____

[1]542 U.S. 296 (2004).

[2]543 U.S. 220 (2005).

-2-

in selecting a sentence that is responsive to the facts presented. <u>United States v. Booker</u>, 543 U.S. 220, 233, 244-47 (2005); <u>United States v. Hawk Wing</u>, 433 F.3d 622, 631 (8th Cir. 2006) (discussing this circuit's three-step sentencing approach); <u>United States v. Shannon</u>, 414 F.3d 921, 923-24 (8th Cir. 2005) (noting that a district court should first determine the advisory guideline sentencing range based on the total offense level, criminal history category, and any appropriate departures from the guidelines; and then vary from the advisory guideline range, if necessary, based on the factors set forth in 18 U.S.C. § 3553(a) so long as such variance is reasonable); <u>United States v. Mashek</u>, 406 F.3d 1012, 1014-15 (8th Cir. 2005) (setting forth this circuit's post-<u>Booker</u> appellate review).

For the reasons stated herein we remand for resentencing.[3]

_____

_____

[3]There is no need, given the above analysis, to address Fisher's cross-appeal challenging the denial of her motion to declare the guidelines unconstitutional. In light of <u>Booker</u>, Fisher urges us to affirm her sentence–a request we deny.