# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3473

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Joan Marie O'Brien, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 31, 2006
Filed: August 7, 2006

_____

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

For years, Joan Marie O'Brien embezzled money from her employer 3M Corporation (3M), by requesting checks purportedly intended for charitable purposes with payee names that were similar to her creditors' names. O'Brien would have the checks sent to herself, and then would mail them to her creditors. Eventually the scheme was discovered, and O'Brien was charged with mail fraud, in violation of 18 U.S.C. § 1341. She pleaded guilty, and over her objection, the district court[1] at sentencing applied a two-level increase for abusing a position of trust, pursuant to

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

U.S.S.G. § 3B1.3.  The court sentenced O'Brien to 18 months in prison and 3 years of supervised release, and ordered her to pay $421,980 in restitution, which included – also over O'Brien's objection – $15,000 in labor costs for the time that 3M staff spent investigating the fraud.  O'Brien appeals, reiterating her objections to the enhancement for abuse of a position of trust and to inclusion of the $15,000 in her restitution obligation.  We affirm.

We find no clear error in the district court's application of section 3B1.3.  See United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005) (standard of review). Although O'Brien argues she was merely a low-level employee who needed her superiors' approval to request the checks, it is undisputed that she used her access to 3M's records and computer system to facilitate and conceal her fraud.  Regardless of her rank, her fraud succeeded because her requests were approved with little or no review given the trust that had been placed in her by her superiors.  See United States v. Erhart, 415 F.3d 965, 972-73 (8th Cir. 2005) (§ 3B1.3 enhancement not clearly erroneous where trust plainly inhered in relationship and fraud succeeded precisely because of that trust), cert. denied, 126 S. Ct. 1181 (2006); United States v. Williamson, 53 F.3d 1500, 1525 (10th Cir. 1995) (even where status itself does not trigger application of § 3B1.3 enhancement, enhancement is applicable when defendant used special knowledge, access, or both, that was obtained by virtue of his or her status, to facilitate fraud).

As to restitution, we find no clear error in the inclusion of the challenged $15,000.  See United States v. Fogg, 409 F.3d 1022, 1028 (8th Cir. 2005) (standard of review).  Although the financial irregularity caused by O'Brien was discovered during an internal audit that was a regular part of the duties of 3M employees, the full extent of the scheme was uncovered only after a subsequent investigation. See United States v. Scott, 405 F.3d 615, 618-20 (7th Cir. 2005) (audit expenses incurred by employers that defendant defrauded were recoverable under 18 U.S.C. § 3663A).

Accordingly, we affirm.

_____