# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2149

_____

United States of America,     *
       *
       Appellee,     *
       *    Appeal from the United States
   v.      *    District Court for the Eastern
       *    District of Missouri.
Keisha Braggs,     *
       *      [UNPUBLISHED]
       Appellant.     *

_____

Submitted: October 16, 2006
Filed: October 20, 2006

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Keisha Braggs appeals the sentence imposed following a guilty plea. Because the district court retroactively applied an amended sentencing guideline, we reverse and remand for resentencing.

## I. BACKGROUND

Braggs worked for a temporary employment agency. In February 2005, Braggs updated an automobile insurance spreadsheet for nationwide sales representatives for one of the temporary agency's clients. The insurance spreadsheet contained the sales

representatives' names, addresses, social security numbers, and other personal information. Between June 1, 2005, and October 3, 2005,[1] Braggs used this information to open several fraudulent credit accounts, resulting in actual losses to credit agencies in the amount of $1,987.86.

Braggs pled guilty to fraudulent use of an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2). At sentencing, the district court applied a two-level enhancement for abuse of position of trust under U.S.S.G. § 3B1.3, granted a two-level adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, and calculated the advisory guidelines sentencing range at twenty-one to twenty-seven months. The district court varied upward from the guidelines sentencing range and ordered forty-eight months' imprisonment. Braggs appeals her sentence, alleging that the district court erred by failing to provide Federal Rule of Criminal Procedure 32(h) notice, by applying a sentencing enhancement for abuse of position of trust, and by unreasonably varying the sentence from the guidelines sentencing range. We reverse on a different ground, related to the application of the abuse of position of trust enhancement.

## II.    DISCUSSION

Braggs asserts error in the district court's application of U.S.S.G. § 3B1.3, abuse of position of trust. We examine de novo whether the district court correctly interpreted and applied the guidelines, reviewing findings of facts for clear error. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

---

[1]The indictment charged that the offense conduct occurred between June 1, 2005, and October 3, 2005, and the plea agreement specified that the offense conduct spanned June 2005 to October 2005.

An enhancement for abuse of position of trust applies "[i]f the defendant abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. At the time the offense conduct occurred, the guidelines commentary explained that this enhancement applied if a defendant is in a position in which he or she enjoys professional or managerial discretion, such as an attorney serving as a guardian, or if a defendant is an "employee of the U.S. Postal Service who engages in the theft or destruction of undelivered United States mail." Id. at cmt. 1 (2004 ed.). Effective November 1, 2005, "an adjustment under this guidelines shall apply" if a defendant "exceeds or abuses the authority of his or her position in order to obtain unlawfully, or use without authority, any means of identification." Id. at cmt. 2(B) (2005 ed.). The district court applied the 2005 amendment to Comment 2(B) to enhance Braggs' guidelines sentence.

The guidelines instruct that the court shall use the Guidelines Manual in effect at the time of sentencing. U.S.S.G. § 1B1.11(a). However, if the Ex Post Facto Clause would be violated, then the court shall use the Guidelines Manual in effect at the time of the offense. Id. at (b)(1). The "[r]etrospective application of an amended sentencing guideline that makes the sentence more onerous than if the court had applied the guideline in effect at the time the crime was committed violates the Ex Post Facto Clause." United States v. Levi, 2 F.3d 842, 844-45 (8th Cir. 1993). Indeed, "commentary and policy statements interpreting a guideline, or prohibiting a district court from taking a specified action, are authoritative and binding on the courts," and thus are also laws for the purpose of ex post facto analysis. Id. at 845. Since Braggs' guidelines sentence was enhanced to her detriment by an amendment to the commentary which went into effect after the offense conduct, the ex post facto Clause was violated. U.S. Const. art. I, § 9, cl. 3. After de novo review, we decide that the district court's application of the guidelines was erroneous because of this ex post facto violation.

Furthermore, this error was not waived. The plea agreement, using the 2004 Guidelines Manual, did not recommend the section 3B1.3 enhancement, and the government argued against its application at sentencing. Braggs objected generally to the section 3B1.3 enhancement, but neither party specifically objected to the PSR's use of the 2005 Guidelines Manual or made an ex post facto argument at sentencing. Though Braggs did not raise this error specifically, we determine that the error was not waived.

Notwithstanding her failure to object, we conclude that because Braggs did not intentionally relinquish or abandon a known right, she did not waive this issue. This distinction is critical, because

> [w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right. Waiver extinguishes a potential error under Rule 52(b). The result is: The plain error standard only applies when a defendant inadvertently fails to raise an objection in the district court.

United States v. Harrison, 393 F.3d 805, 806 (8th Cir. 2005) (quotations omitted). Braggs' simple omission may be readily contrasted with the waiver found in Harrison, in which the district court advised the parties at sentencing that the guidelines were subject to ex post facto considerations, set forth the sentence available if the correct guidelines were to apply, continued the sentencing hearing to a different date, and even unsuccessfully tried to elicit an ex post facto objection from the defense. Id. at 807-08. Rather, Braggs inadvertently forfeited the ex post facto issue, which was not discovered by the district court. Therefore, plain error review is appropriate. Id.

"We have discretion to reverse for plain error if there is 'an error that is plain,' 'that affects substantial rights,' and that 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Rusan, 460 F.3d 989, 992 (8th Cir. 2006) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). Because

the plainly erroneous application of the enhancement directly affected the sentencing proceedings, <u>United States v. Villareal-Amarillas</u>, 454 F.3d 925, 931 (8th Cir. 2006), we reverse Braggs' sentence and remand for resentencing.

## III. CONCLUSION

We reverse and remand for resentencing.

_____