# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1541

_____

United States,                          *
                                        *
             Appellee,                  *    Appeal from the United States
                                        *    District Court for the
      v.                                *    Northern District of Iowa.
                                        *
Sherman Hopkins, Jr.,                   *    [UNPUBLISHED]
                                        *
             Appellant.                 *

_____

Submitted: November 6, 2007
Filed: November 15, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Sherman Hopkins, Jr., challenges the reasonableness of the 46-month prison sentence imposed by the district court[1] after he pleaded guilty to committing perjury before a grand jury, in violation of 18 U.S.C. § 1623.

We conclude that the court appropriately interpreted and applied the Guidelines, see United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005) (de novo standard

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

of review), correctly followed the sentencing procedure set forth in <u>United States v. Haack</u>, 403 F.3d 997, 1002-03 (8th Cir. 2005) (court is to determine appropriate advisory Guidelines range, evaluate if traditional departures are warranted, and consider all sentencing factors set forth in 18 U.S.C. § 3553(a) before imposing sentence), and did not treat the Guidelines as presumptively reasonable.

We further conclude that Hopkins's 46-month sentence is reasonable, and not an abuse of the district court's discretion, because the court considered only relevant factors at sentencing and exercised sound judgment in weighing those factors. <u>See</u> <u>Haack</u>, 403 F.3d at 1003-04 (reasonableness of sentence reviewed for abuse of discretion; abuse of discretion occurs if court fails to consider relevant factor that should receive significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing those factors). Contrary to Hopkins's arguments, no unwarranted sentencing disparity existed where the individual to whom he compares himself was not found guilty of similar conduct, <u>see</u> 18 U.S.C. § 3553(a)(6) (in imposing sentence, court is to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); the court appropriately considered the nature and degree of his interference with the administration of justice; and his offense was not so minor as to render the district court's sentencing decision a clear error of judgment.

Accordingly, Hopkins's sentence is affirmed.

_____