# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2671

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Northern District of Iowa.
Shelley Drost,               *
                             *    [UNPUBLISHED]
            Appellant.       *

_____

Submitted:  October 19, 2009
Filed:  December 7, 2009

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Shelley Drost pleaded guilty to theft of government property, in violation of 18 U.S.C. § 641.  The district court[1] sentenced Drost to 6 months' imprisonment.  Drost appeals her sentence, arguing that the district court erred in applying a two-level sentencing adjustment for abuse of a position of public or private trust.  *See* USSG § 3B1.3.  We affirm.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Drost filed an application with the Social Security Administration ("SSA"), on behalf of her two children, for Supplemental Security Income ("SSI") benefits. In conjunction with these applications, Drost also sought to become the representative payee for any benefits obtained by her children. When Drost applied to become the representative payee, she agreed: "1) to use the payments for the claimant's current needs and save any currently unneeded benefits for future use, and 2) to notify the SSA when the claimant . . . leaves my custody, . . . or when I no longer have responsibility for his/her care of [sic] welfare." (PSR ¶ 12). The SSA awarded monthly SSI benefits to both children, and Drost was designated as the representative payee for the children's benefits.

When Drost's two children were placed in foster care in March 2005, Drost failed to notify the SSA that the children were no longer in her custody. In August 2006, the SSA conducted a periodic review of Drost's case, but Drost claimed that her children resided with her, and she continued to receive benefits on behalf of her children. After she was confronted in March 2008, Drost admitted that her children were in foster care, and that she used the children's SSI funds for her personal needs. Drost received $24,852.17 of SSI benefits while her children were in foster care.

Drost pleaded guilty to theft of government property, in violation of 18 U.S.C. § 641. At sentencing, Drost objected to a two-level adjustment under USSG § 3B1.3, which applies when a defendant "abused a position of public or private trust . . . in a manner that significantly facilitated the commission or concealment of the offense." USSG § 3B1.3. The district court applied the adjustment, citing *United States v. Shevi*, 345 F.3d 675 (8th Cir. 2003), which held that a district court properly applied § 3B1.3 to a defendant who misused funds obtained through his position as the trustee of monthly social security benefits paid to the defendant's niece and nephew. *Id*. at 677, 679-80.

With the adjustment for abuse of trust, the district court calculated that Drost had a total offense level of 10. Based on a criminal history category of I, Drost's guideline range was 6-12 months. The district court then sentenced Drost to six months' imprisonment.

Drost argues that the district court committed procedural error by applying the adjustment under § 3B1.3. She contends that her position as representative payee was not a position of "public or private trust" within the meaning of the guideline, and that the trustee relationship involved in *Shevi* is distinguishable.

We find it unnecessary to decide whether § 3B1.3 extends to this situation, because any potential error was harmless. The district court correctly observed that the alternative guideline sentencing ranges for Drost's offense level, with or without the § 3B1.3 adjustment, both included a sentence of 6 months' imprisonment. (S. Tr. 21, 32). With the adjustment, the guideline range was 6 to 12 months; without it, the range was 0 to 6 months. The court then stated, after considering the factors under 18 U.S.C. § 3553(a), that Drost's "sentence would be the same whether she scored total offense level 10 or total offense level 8." (S. Tr. 32).

The district court expressly articulated an alternative sentence that was based on a properly calculated guideline range (with the abuse-of-trust adjustment excluded) and consideration of the § 3553(a) factors. It is clear, therefore, that the district court would have imposed the same sentence of six months' imprisonment regardless of whether the adjustment applied. Under that circumstance, any error in applying § 3B1.3 was harmless. *See United States v. Icaza*, 492 F.3d 967, 971 (8th Cir. 2007); *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005).

The judgment of the district court is affirmed.

_____