**UNITED STATES of America,**

v.

**Jose Luis Crus RAMIREZ, aka Cheppe Castillo a/k/a Jose Cruz a/k/a Jose Luis Cruz Ventura a/k/a Jose Castillo a/k/a Jose Lara a/k/a Francisco Antonio Ramierez–Peralta a/k/a Luis Manuel Castillo a/k/a Ramon Ventura Jose Luis Crus Ramirez, Appellant.**

No. 01–3821.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 9, 2002.

Decided Dec. 11, 2002.

Before BECKER, Chief Judge, ROTH and SMITH Circuit Judges.

OPINION OF THE COURT

BECKER, Chief Judge.

This is an appeal by the defendant Jose Luis Cruz Ramirez from a judgment in a criminal case entered pursuant to a bargained for plea to conspiracy to distribute more than 100 grams of heroin in violation of 21 U.S.C. § 846; possession with intent to distribute heroin within 1,000 feet of a school in violation of 21 U.S.C. § 860(a); and possession of a fraudulently obtained INS document in violation of 18 U.S.C. § 1546(a). In the plea agreement Ramirez agreed that his relevant conduct properly included between one and three kilograms of heroin. The District Court sentenced

Ramirez to 84 months imprisonment following a sentencing hearing at which it found: (1) that Ramirez had provided substantial assistance to the government and was entitled to a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e); (2) that his offense level should be based on relevant conduct of between one and three kilograms of heroin; (3) that the offense level should be increased because some of Ramirez's criminal conduct occurred near a school; (4) that Ramirez's request for an additional downward departure based on alleged extraordinary family circumstances would be denied; and (5) that Ramirez was not entitled to a two-level downward adjustment under U.S.S.G. § 2D1.1(b)(6) because, as a matter of law, even if Ramirez met the safety valve criteria set forth in U.S.S.G. § 5C1.2, his conviction under the schoolyard charge, 21 U.S.C. § 860(a), made him ineligible for such a downward adjustment.

■ Ramirez raises three issues on appeal. First, he argues that the District Court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by sentencing him based on relevant conduct of one to three kilograms of heroin. For some reason, Ramirez believes that since he was charged with a conspiracy to distribute more than 100 grams of heroin, he cannot be sentenced on the basis of a greater quantity of heroin, notwithstanding the relevant conduct principle. This claim is without merit. *See United States v. Williams*, 235 F.3d 858, 863 (3d Cir.2000), *cert. denied*, 534 U.S. 818, 122 S.Ct. 49, 151 L.Ed.2d 19 (2001). *Apprendi* does not apply to this case because Ramirez's sentence of 84 months imprisonment is well below the statutory maximum for any heroin trafficking case.

■ Second, Ramirez contends that the District Court erred in denying him a downward departure on grounds of extraordinary family circumstances. But the government had told the Court that it had the legal authority to depart: "So, we believe, Your Honor, while you do have the legal authority to consider a downward departure for those circumstances, we believe, once you consider all of the facts of this case and this defendant's own culpability, that you should exercise your discretion and deny further departures on the basis of family circumstances." The District Court thus understood its authority to depart and, after hearing testimony, exercised its discretion not to do so. Under these circumstances, we lack appellate jurisdiction. *See United States v. Denardi*, 892 F.2d 269, 271–72 (3d Cir.1989).

■ Finally, Ramirez claims that he should have received a two-level reduction under U.S.S.G. § 2D1.1(b)(6), and that the District Court erred in accepting the government's position that such a reduction was not available to a defendant convicted of a schoolyard violation under 21 U.S.C. § 860. With respect to this claim, the government states in its brief:

> Since the sentencing in this case, the Court of Appeals for the Fourth Circuit became the first appellate court to consider this precise issue. In *United States v. Warnick*, 287 F.3d 299, 304 (4th Cir.2002), the court held that a defendant who was convicted of a schoolyard violation is still eligible for a two-level downward adjustment if the defendant meets the safety valve criteria set forth in U.S.S.G. § 5C1.2. The government is persuaded by the reasoning of *Warnick*, and, therefore, respectfully requests that this Court remand this case to the district court for a determination of whether or not Ramirez meets the safety valve criteria and, if so, what effect, if any, a two-level reduction under

U.S.S.G. § 2D1.1(b)(6) would have on the sentence imposed on Ramirez.

We accede to the government request, and in this respect we will vacate the sentence and remand to the District Court for this determination. In all other respects, the judgment will be affirmed.