**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4380**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

TONY B. GERMAN, a/k/a Antonio,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-02-802)

———————

Submitted:  August 22, 2005        Decided:  November 2, 2005

———————

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Allen B. Burnside, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tony B. German pled guilty to one count of conspiracy to distribute and possess crack cocaine and cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). German's offense level was modified upward to 43 because he shot and killed a woman during the course of a drug deal gone bad. See U.S. Sentencing Guidelines Manual §§ 2D1.1(d)(1), 2A1.1 (2002). At sentencing, German argued the cross-reference for murder was improperly applied because the conduct was more likely second degree murder which called for a lower offense level. The court disagreed with German's argument and sentenced him to the statutory maximum, which was also the guideline sentence, of twenty years' imprisonment. On appeal, German argues the court erred using the sentencing guidelines' cross-reference for murder. He also argues the sentence violated the rules announced in United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Finding no reversible error, we affirm.

Under USSG § 2D1.1(d)(1), "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)." Section 1111 includes murder in the first and second degree. German argues that because his killing was closer to second degree murder, USSG § 2A1.2 should apply. The Government

argues the plain language of § 2D1.1(d)(1) compels the court to apply the cross reference to § 2A1.1 regardless of whether the murder was first or second degree.

We consider the plain language of the sentencing guidelines when deciding how they are to be applied. See United States v. Warnick, 287 F.3d 299, 304 (4th Cir. 2002) (analyzing the plain language of the guidelines for downward reductions); United States v. Houchins, 364 F.3d 182, 190 (4th Cir. 2004) (analyzing the plain language of the guidelines for sentencing enhancements). Because the plain language of § 2D1.1 compels the district court to impose the offense level under § 2A1.1, we find the court did not err in setting German's base offense level at 43.

German did not object at sentencing to the district court's fact finding or the use of the guidelines as mandatory. Accordingly, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To establish plain error, German must show an error occurred, the error was plain, and the error affected his substantial rights. See Olano, 507 U.S. at 732. Even if German makes this three-part showing, correction of the error remains within our discretion, which should not be exercised "unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. (quoting United States v. Young, 470 U.S. 1, 15 (1985)) (internal quotation marks omitted) (alteration added).

- 3 -

We find German admitted to the conduct that resulted in the increase in the offense level based upon the cross-reference for murder. For instance, counsel stated at sentencing that "we agree with the facts as set forth in the presentence report," specifically referring to the facts that supported the murder enhancement. (J.A. at 121). Thus, the district court was not called upon to engage in fact finding with respect to whether or not German engaged in the conduct that resulted in the increased offense level.

As a result, German's only argument is whether the district court plainly erred because of the mandatory application of the sentencing guidelines. In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held the mandatory application of the guidelines is plain error. However, we also held prejudice from the error cannot be presumed. Id. at 219. Accordingly, German must show the district court's mandatory application of the sentencing guidelines was actually prejudicial and affected the outcome of the proceedings. Id. at 223. We find German failed to establish actual prejudice. As a result, we affirm the sentence and leave German's unchallenged conviction undisturbed.

We grant German's motion to file a supplemental brief. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED