**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7650

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

  v.

GUY HARVEY SPRUHAN, IV,

        Defendant - Appellant,

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg, Michael F. Urbanski, Chief District Judge. (5:13-cr-00030-MFU-RSB-3)

Argued: January 26, 2021                    Decided: March 2, 2021

Before MOTZ, AGEE, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Agee and Judge Keenan joined.

**ARGUED:** Lisa M. Lorish, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee. **ON BRIEF:** Juval O. Scott, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Guy Harvey Spruhan, IV, was sentenced to a 180-month term of imprisonment for conspiring to distribute methamphetamine. After the Sentencing Commission lowered the Sentencing Guidelines range for his offense, Spruhan sought a sentence reduction under 18 U.S.C. § 3582(c). However, the Sentencing Guidelines generally prohibit courts from reducing a defendant's sentence where, as here, the original term of imprisonment is "less than the minimum of the amended guideline range." United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(b)(2). On this basis, the district court denied Spruhan's motion. We affirm.

I.

In 2013, a federal grand jury returned an indictment charging Spruhan with conspiring to distribute 500 grams or more of methamphetamine. Spruhan subsequently entered into a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement ("Type-C agreement") stipulating that his drug conspiracy involved at least 15 kilograms of methamphetamine and that he should therefore be sentenced within a range of 144 to 180 months. This agreed-upon range was significantly less than the 262- to 327-month advisory Guidelines range in Spruhan's Presentence Investigation Report.

In 2014, the district court imposed a sentence of 180 months' incarceration. The court noted that while this sentence constituted "a huge break off the guidelines," it reflected the serious "nature and circumstances of this offense," including Spruhan's "history and consistent involvement in drugs," as well as his "involvement of minor[s]" in

"drug dealing and drug use." S.J.A. 157. Moreover, the district court contrasted Spruhan with his co-defendants who cooperated with authorities and, accordingly, received lower sentences.

Thereafter, the Sentencing Commission promulgated Amendment 782, which lowered the base offense level for most federal drug offenses. *See* U.S.S.G. app. C, amend. 782 (2014); *id.* amend. 788 (applying Amendment 782 retroactively). Taking Amendment 782 into account, the advisory Guidelines range for Spruhan's offense is now 210 to 262 months.

Following Amendment 782's promulgation, Spruhan filed a motion under 18 U.S.C. § 3582(c), which empowers district courts to reduce a defendant's sentence where the original "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018) (holding that sentences imposed pursuant to Type-C agreements fall within § 3582(c)'s purview). Critically, however, sentence reductions must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One such policy statement provides that courts may not reduce a sentence "to a term that is less than the minimum of the amended guideline range" unless the defendant's original sentence resulted from a downward departure for substantial assistance to Government authorities. U.S.S.G. § 1B1.10; *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) (holding that § 1B1.10 is "a jurisdictional bar to reducing sentences below the range authorized by the Commission").

3

Spruhan's original 180-month sentence is well below the 210-month minimum of the amended Guidelines range for his offense. He did not receive a downward departure for substantial assistance at his original sentencing. Nonetheless, Spruhan maintains that § 1B1.10(b)(2) does not render him categorically ineligible for relief. This is so, Spruhan asserts, because § 1B1.10(b)(2) conflicts with 28 U.S.C. § 991(b) and violates the Equal Protection Clause. Relying on *United States v. Padilla-Diaz*, 862 F.3d 856 (9th Cir. 2017), the district court denied Spruhan's motion. We review the denial of a § 3582(c)(2) motion for abuse of discretion and a ruling as to the scope of the district court's legal authority under § 3582(c)(2) de novo. *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013).

## II.

Spruhan primarily contends that § 1B1.10(b)(2) conflicts with 28 U.S.C. § 991(b) and so cannot bar his motion. In his telling, § 1B1.10(b)(2) "nullifies downward departures and variances," Opening Br. at 8, thus generating "disparities" that are at odds with the Sentencing Commission's enumerated "purposes" in 28 U.S.C. § 991(b). We must reject this argument.

The Supreme Court has held that a Sentencing Commission policy statement "must give way" if it contradicts the "plain language" of a "specific directive[] of Congress." *United States v. LaBonte*, 520 U.S. 751, 757 (1997). But § 991(b) contains no such directive. Rather, it merely sets forth the "purposes" of the Sentencing Commission, which include "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining

4

sufficient flexibility to permit individualized sentences." 28 U.S.C. § 991(b). As the Ninth Circuit correctly observed, this provision contains "a general statement of the Commission's goals," "not a specific directive to which all sentencing policies must conform." *Padilla-Diaz*, 862 F.3d at 861. Thus, it is not an "express statutory directive" to which § 1B1.10(b)(2) must bow. *United States v. Warnick*, 287 F.3d 299, 303 (4th Cir. 2002).

We find Spruhan's contrary arguments unpersuasive. He relies on *LaBonte*, but there the Supreme Court invalidated a Sentencing Commission amendment because it conflicted with a precise congressional instruction to "assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for [particular] categories of defendants." *LaBonte*, 520 U.S. at 753 (quoting 28 U.S.C. § 994(h)). Quite unlike § 991(b)'s broad articulation of the Commission's "goals," *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1908 (2018), § 994(h)'s express command demands strict compliance, *LaBonte*, 520 U.S. at 757.

Nor is Spruhan aided by *Hughes v. United States*, 138 S. Ct. 1765 (2018). To be sure, in analyzing § 3582(c)'s scope, *Hughes* spoke of promoting "uniformity" and avoiding "unwarranted disparities." *Id.* at 1774. But there the Court only sought to cure disparities that had arisen between the Courts of Appeals following the fractured opinion in *Freeman v. United States*, 564 U.S. 522 (2011); it did not address unwarranted disparities between individual defendants. *See id.* at 1779 (Sotomayor, J., concurring); *United States v. Hernandez-Martinez*, 933 F.3d 1126, 1134 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 879 (2020). Its discussion is thus entirely unrelated to Spruhan's contention that

5

§ 1B1.10(b)(2) yields "an unwarranted disparity between [him] and his co-defendants." Opening Br. at 10.

Accordingly, we conclude that § 1B1.10(b)(2) does not irreconcilably conflict with 28 U.S.C. § 991(b).

III.

Spruhan also maintains that § 1B1.10(b)(2) violates the Equal Protection Clause. This is so, he contends, because it irrationally and arbitrarily denies sentence reductions for defendants who originally received below-Guidelines sentences while allowing reductions for those who initially received higher sentences. This argument also fails.

A Sentencing Commission policy statement may properly be challenged on equal-protection grounds, and the "relevant test is whether the classification is 'rationally related to a legitimate government interest.'" *United States v. Ruiz-Chairez*, 493 F.3d 1089, 1091 (9th Cir. 2007) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985)). Under rational basis review, a policy statement will be upheld if it is supported by at least one "plausible" rationale. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (citations omitted). Accordingly, to succeed Spruhan must negate "every conceivable basis which might support" the policy statement. *Heller v. Doe*, 509 U.S. 312, 320 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

The Government offers multiple rationales that justify § 1B1.10(b)(2)'s limitation on sentence reductions, including the Government's interests in "reducing complexity, litigation, and disparities," and "encouraging defendants to continue cooperating with"

6

authorities. Response Br. at 26–27. In response, Spruhan argues that § 1B1.10(b)(2) is too attenuated from these interests. But § 1B1.10(b)(2) undoubtedly streamlines sentence reduction proceedings by narrowing the class of eligible defendants. *Padilla-Diaz*, 862 F.3d at 862; *see also Bankers Life & Cas. Co. v. Crenshaw*, 486 U.S. 71, 82 (1988) (holding that the Government has a legitimate interest in "conserving judicial resources"). And while cooperation with the Government may entail risk for uncertain reward, this does not render § 1B1.10(b)(2)'s carve-out for cooperators irrational or unreasonable. Indeed, it is certainly "plausible" that eligibility for a sentence reduction might induce some defendants to cooperate with the Government. *Beach Commc'ns, Inc.*, 508 U.S. at 313. At bottom, Spruhan cannot negate "every conceivable basis which might support" § 1B1.10(b)(2) and so his equal protection challenge must also fail. *Heller*, 509 U.S. at 320.

IV.

For these reasons, the judgment of the district court is

*AFFIRMED*.

7