**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6035

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMETRIUS MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cr-00054-JPB-JPM-1)

Submitted:  May 30, 2024                                Decided:  June 4, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Demetrius Moore, Appellant Pro Se.  Daniel Lee Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Moore appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Part A of Amendment 821 to the Sentencing Guidelines. We agree with the district court that Moore is ineligible for relief but for different reasons. Accordingly, we affirm on alternative grounds.

Federal law authorizes a district court to reduce a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . [and] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In assessing a motion filed under § 3582(c)(2), a district court proceeds in two steps. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). "First, the court is required to follow the Commission's instructions in [U.S. Sentencing Guideline Manual] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* (internal quotation marks omitted). "Second, the court is required to consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant to step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks omitted). "We review the denial of a § 3582(c)(2) motion for abuse of discretion and a ruling as to the scope of the district court's legal authority under § 3582(c)(2) de novo." *United States v. Spruhan*, 989 F.3d 266, 269 (4th Cir. 2021).

Part A of Amendment 821 to the Guidelines, which became effective on November 1, 2023, amended USSG § 4A1.1 by redesignating subsection (d) as

2

subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence. USSG Supp. to App. C, Amend. 821, Part A. Previously, two of these so-called status points were added under USSG § 4A1.1(d) (2021) if the defendant committed the offense while under a criminal justice sentence. Under amended USSG § 4A1.1(e) (2023), however, offenders with six or fewer criminal history points no longer receive any status points, and those offenders with seven or more criminal history points receive only one status point. The Sentencing Commission gave retroactive effect to the amended Guideline and authorized district courts to reduce sentences under the provision beginning on February 1, 2024. USSG Supp. to App. C, Amend. 825; *see* USSG § 1B1.10(d), (e)(2), p.s. (2023).

The district court concluded that Moore was ineligible for relief under Amendment 821 because his criminal history category was based on his status as an armed career criminal ("ACC") rather than on the number of criminal history points assessed. To the contrary, the sentencing court sustained Moore's objection to the ACC enhancement and, therefore, his criminal history category of VI was based on his criminal history score of 13, which included two status points. Under Amendment 821, Moore receives only one status point, reducing his criminal history score to 12 and his criminal history category to V. *See* USSG ch. 5, pt. A (sentencing table). Moore's total offense level after considering the relevant policy statements is 20, meaning that his amended Guidelines range is 63 to 78 months' imprisonment. *See id.* But because Moore already received a sentence of 63 months' imprisonment based on the sentencing court's assessment of the

3

§ 3553(a) factors, he is ineligible for a sentence reduction under Amendment 821. *See* USSG § 1B1.10(b)(2)(A), p.s.; *Spruhan*, 989 F.3d at 269-70.

Accordingly, while the district court's reasoning was incorrect, we agree that Moore is ineligible for relief under Amendment 821 and affirm the district court's judgment. *United States v. Moore*, No. 5:18-cr-00054-JPB-JPM-1 (N.D.W. Va. Dec. 28, 2023); *see Cosby v. S.C. Prob, Parole & Pardon Servs.*, 93 F.4th 707, 722 n.19 (4th Cir. 2024) ("[W]e may affirm on any basis apparent from the record."). We deny Moore's motions for summary disposition, appointment of counsel, and transcripts at the Government's expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*