**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6634

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ASTON EARL MCCREA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Senior District Judge.  (7:11-cr-00089-MFU-1)

Submitted:  August 22, 2024                          Decided:  August 27, 2024

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Aston Earl McCrea, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aston Earl McCrea appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, his motion to grant that motion, and his motion for verification. We conclude that the district court correctly determined that McCrea is ineligible for relief under Amendment 782, which reduced by two the offense levels assigned to drug quantities, because his Guidelines range was based on his status as a career offender, not on the drug quantities attributable to him. *See United States v. Spruhan*, 989 F.3d 266, 269 (4th Cir. 2021) (stating standard). Accordingly, we affirm the district court's order. *United States v. McCrea*, No. 7:11-cr-00089-MFU-1 (W.D. Va. June 6, 2024).

After reviewing the record, however, we have discovered a procedural irregularity that warrants remand to the district court for further proceedings. In his initial motion, McCrea sought relief under § 3582(c)(2) and Amendment 782, and the motion was docketed as such. However, in its order directing the Federal Public Defender (FPD) and the Government to respond, the court construed this motion as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), stating that McCrea had argued that he would no longer be deemed a career offender if sentenced today. The FPD responded that McCrea was ineligible for relief under Amendment 782 because he was sentenced as a career offender. The Government agreed that McCrea was ineligible for relief under Amendment 782 but labeled its submission as a response to McCrea's motion for compassionate release. And then, in his reply, McCrea argued for the first time that he would not be deemed a career offender if sentenced today and that this qualified as an

2

extraordinary and compelling reason for his early release under § 3582(c)(1)(A), as did the Bureau of Prisons' alleged failure to apply certain credits to his sentence. The court then entered its order denying McCrea's motion for a sentence reduction under § 3582(c)(2) and Amendment 782. Before noting his appeal, McCrea submitted an exhibit to demonstrate that he had exhausted his administrative remedies by requesting compassionate release from the Warden on the same grounds identified in his reply. Finally, along with his notice of appeal, McCrea moved for reconsideration, explaining that he had filed a motion for a sentence reduction under § 3582(c)(2) and a motion for compassionate release under § 3582(c)(1)(A).

Due to this procedural confusion, the district court did not consider McCrea's arguments for compassionate release. Accordingly, we construe McCrea's "reply" as a motion for compassionate release and remand to the district court for further proceedings on that motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*