UNITED STATES of America, Appellee,

v.

Melvin TATE, Appellant.

No. 90–1013.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1990.

Decided Oct. 3, 1990.

Lee Lawless, St. Louis, Mo., for appellant.

Mitchell Stevens, St. Louis, Mo., for appellee.

Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Melvin Tate appeals his conviction and sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). We affirm.

## I.

On the afternoon of March 31, 1989, St. Louis County Police Officer Frank Durell was on a routine patrol when his attention was drawn to a Ford Taurus which suddenly applied its brakes and backed into a parking space at a motel. As Officer Durell watched, Alan White approached the Taurus, which was being driven by Tate. After a brief conversation, Tate and the passenger in his car joined White in a Ford Thunderbird parked next to the Taurus.

White drove away, followed by Durell. When White failed to stop for a traffic signal, Durell pulled the car over. Durell observed some drug paraphernalia and what later proved to be rock cocaine on the floorboard in front of Tate's seat. Durell arrested Tate for suspicion of possession of a controlled substance. A subsequent inventory search of the Ford Taurus disclosed the presence of five bricks of cocaine weighing in excess of 5,000 grams.

At Tate's jury trial, White testified on behalf of the government under a grant of immunity conferred by a letter agreement between the prosecutor and White. Prior to White's testimony, the district court overruled Tate's in limine motion to exclude any reference to White's obligation to provide "truthful testimony."

## II.

At the end of White's direct examination, the prosecutor asked him if he had reached an agreement with the government:

Q. Would you tell the jury, as best as you can understand or as best as you understand, what's the sum and substance of that agreement between you and your attorney and the government?

A. Total substance of the agreement, brass tacks, I tell the truth or I can stand up against charges.

On cross-examination, Tate's attorney asked:

Q. Now, as I understand the deal that you and your attorney have struck with the Government, you're to provide testimony—you referred to it as the brass tacks. You're supposed to tell the truth, is that what you said?

A. Yes, sir.

Q. Okay. And in exchange for that, the Government has agreed not to charge you.

A. That is correct.

There was no further mention of the agreement between White and the government.

Tate argues that White's reference to his own testimony as "the truth" was self-serving, giving the jury the impression that the government vouched for White's credibility. Tate additionally claims that White's self-labeling of his testimony as truthful invaded the province of the jury as finders of fact. We disagree.

The prosecutor may not place the prestige of the government behind a witness, giving personal assurances of veracity; nor may the prosecutor suggest that information not introduced to the jury guarantees the accuracy of the witness's testimony. *See, e.g., United States v. McNeill*, 728 F.2d 5, 14 (1st Cir.1984). In rejecting Tate's contention that White's testimony violated these strictures, we join those circuits which have held that mere inquiry by the government of its witnesses regarding their understanding of the agreements they have entered into does not in itself constitute vouching for the witness's credibility. *McNeill*, 728 F.2d at 14; *United States v. Henderson*, 717 F.2d 135, 138 (4th Cir.1983), *cert. denied*, 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 238 (1984); *United States v. Mealy*, 851 F.2d 890, 899 (7th Cir.1988).

Evidence of an immunity agreement and the witness's understanding of obligations under that agreement may help the jury in its task of evaluating and weighing testimony. *McNeill*, 728 F.2d at 14. Thus, if the prosecutor does not express his personal opinion that the witness is being

truthful and does not imply that the government possesses intelligence not heard by the jury about the witness's credibility, no error is committed in allowing the witness to confirm his obligation to tell the truth. *Mealy*, 851 F.2d at 900.

We note that the prosecutor did not introduce as an exhibit the agreement between White and the government and thus did not disproportionately emphasize the matter. The prosecutor's questions did not imply that the government had special knowledge of White's honesty or experience. Moreover, the district court instructed the jury to evaluate with caution testimony given pursuant to a grant of immunity. Accordingly, the district court did not err in permitting the prosecutor to refer to the immunity agreement or in allowing the witness to express his understanding of the agreement.

### III.

■ The Presentence Report established an offense level of 32, with a criminal history category of IV. The applicable sentencing guidelines called for a range of 168 to 210 months' imprisonment. The district court sentenced Tate to 197 months' imprisonment and imposed a $50 special assessment and 5 years' supervised release.

Tate alleges that the district court erred in imposing a 197 month prison sentence without explaining its reasons for imposing a sentence at that particular point in the range, as required when the Guidelines fix a sentencing range exceeding twenty-four months. 18 U.S.C. § 3553(c)(1); *United States v. Ehret*, 885 F.2d 441, 445 (8th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990).

The district court made clear its reasons for the sentence it imposed. The court considered Tate's three prior convictions and the fact that he had committed this particular offense while on probation supervision. After Tate requested leniency because of his military service, the court stated that "what length [taken] off the top of the limits here is strictly because of the service the gentleman has seen." We conclude that the district court provided adequate justification for imposing Tate's sentence where it did within the applicable range.

The judgment and sentence are affirmed.