**UNITED STATES of America, Appellee,**

v.

**Henry Robert DUMORNEY, Appellant.**

No. 91–1719.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Nov. 21, 1991.

Katherian D. Roe, Minneapolis, Minn., argued (Daniel M. Scott, on brief), for appellant.

Margaret T. Burns, Minneapolis, Minn., argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FAGG, Circuit Judge.

After Henry Robert Dumorney pleaded guilty to one count of possession with intent to distribute 35.6 grams of cocaine, the district judge sentenced Dumorney to 210 months imprisonment under the Sentencing Guidelines. Dumorney appeals his sentence. We affirm.

The parties agree the appropriate guidelines range in this case was 168 to 210 months. Nevertheless, Dumorney asserts we should remand for resentencing because the district judge failed to state an adequate reason for sentencing Dumorney at the top of the guidelines range. We disagree.

When the guidelines fix a sentencing range spanning more than twenty-four months, the district court must state in open court "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1) (1988); *see also United States v. Tate,* 915 F.2d 400, 402 (8th Cir.1990). The district court's written order of judgment and committal lists "career offender" as the reason for Dumorney's maximum sentence. Dumorney asserts this reason is a truism because it was Dumorney's status as a career offender that initially placed him in the applicable guidelines range.

The court's orally imposed sentence, however, controls our review of the district court's reason for Dumorney's maximum sentence. *United States v. Onwuemene,* 933 F.2d 650, 651 (8th Cir.1991). During the sentencing hearing, the district court gave specific reasons for imposing a sentence at the top of the guidelines range. The court considered that Dumorney had previously appeared before the court, that Dumorney's probation officer had warned him he would face life in prison if convicted again, and that "[i]t [wasn't] that [Dumorney] didn't know what [he was] going to do." We upheld a sentence based on similar reasoning in *Tate,* 915 F.2d at 402 (court considered Tate's three earlier convictions and the fact that Tate had committed offense for which he was being sentenced while on probation). Thus, we con-

**998**

clude the district court gave sufficient reason for Dumorney's maximum sentence.

Although the district court adequately explained the sentence in this case, we are concerned about the rising number of appeals involving section 3553(c)(1). In the interest of judicial economy, we urge sentencing courts to refer to the facts of each case and explain why they choose a particular point in the sentencing range. *United States v. Veteto*, 920 F.2d 823, 826 & n. 4 (11th Cir.1991); *see also United States v. Chartier*, 933 F.2d 111, 117 (2d Cir.1991) (sentencing judge should demonstrate thoughtful discharge of obligation imposed by section 3553(c)(1) with degree of care appropriate to severity of punishment selected). In addition to informing the defendant and public why the sentencing court selected a particular sentence, the court's explanation "provides information to criminal justice researchers" and "assists the Sentencing Commission in its continuous reexamination of its guidelines and policy statements." S.Rep. No. 225, 98th Cong., 2d Sess. 80, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3263. We believe tailored explanations by sentencing courts will preclude many appeals and pointless remands. *See United States v. Georgiadis*, 933 F.2d 1219, 1223 (3d Cir.1991).

We thus affirm Dumorney's sentence.