989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Henry Robert DUMORNEY, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 92-3083.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 10, 1993.
Filed: February 26, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Henry Robert Dumorney, a federal inmate, appeals from the District Court's[1] denial of his motion to vacate his sentence under 28 U.S.C. § 2255 (1988). We affirm.
 
 
 2
 In 1990, Dumorney pleaded guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). We affirmed Dumorney's sentence. United States v. Dumorney, 949 F.2d 997 (8th Cir. 1991). Dumorney then filed this motion.
 
 
 3
 Dumorney incorrectly argues that the indictment was defective because it did not include the cocaine recipient's name. "In a prosecution ... under § 841(a)(1) the identity of the distributee is not an essential element of the offense charged, and the government is not required to identify the distributee in the indictment." United States v. Cosby, 529 F.2d 143, 146 (8th Cir.), cert. denied, 426 U.S. 935 (1976). Similarly, Dumorney's argument that the State of Minnesota had exclusive jurisdiction fails. The federal and state governments have concurrent jurisdiction for narcotics offenses. "The fact that the federal government prosecutes a federal crime in a federal court that could have been or has been prosecuted as a state crime in a state court does not itself violate due process." United States v. Turpin, 920 F.2d 1377, 1388 (8th Cir. 1990), cert. denied, 111 S. Ct. 1428 (1991).
 
 
 4
 Dumorney incorrectly contends that the government improperly used "silver platter" evidence-evidence that allegedly had been illegally seized by state authorities in violation of the Fourth Amendment-to obtain the indictment. Even if the "silver platter doctrine" had not been discredited, it would be wholly inapplicable here, where the search of the cocaine recipient's vehicle in which the evidence was found was lawfully made as incidental to her arrest for purchasing cocaine from Dumorney, and therefore did not violate the Fourth Amendment.
 
 
 5
 The record belies Dumorney's contentions that the District Court failed to comply with Federal Rule of Criminal Procedure 11(c)(1) and (f) by reading the indictment and adequately determining that the facts supported the plea at the change-of-plea hearing. Dumorney's counsel waived the reading of the indictment, and Dumorney did not object to the waiver. Moreover, even assuming that Dumorney did not "sell" the cocaine (as he claims), the facts adequately supported the plea because § 841(a) proscribes the distribution of cocaine, not just its sale. See United States v. Marin-Cifuentes, 866 F.2d 988, 993 (8th Cir. 1989) (neither possession nor actual sale by defendant need be proven by government on charge of distributing drugs).
 
 
 6
 Contrary to Dumorney's argument, the District Court did not err in denying the motion to suppress the evidence found in the cocaine recipient's vehicle because (1) the search of that vehicle was lawful, and (2) in any event, Dumorney did not have a legitimate expectation of privacy in the vehicle: he was not in the vehicle at the time of the search, and he did not possess an ownership interest in the vehicle. See United States v. Macklin, 902 F.2d 1320, 1330 (8th Cir. 1990) (no reasonable expectation of privacy in vehicle belonging to another) (citing Rakas v. Illinois, 439 U.S. 128 (1978)), cert. denied, 111 S. Ct. 689 (1991).
 
 
 7
 Further, because all of Dumorney's claims lack merit, counsel was not ineffective in failing to pursue these claims. See Strickland v. Washington, 466 U.S. 668 (1984). We reject Dumorney's remaining claims on appeal as meritless.
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Robert G. Renner, Senior United States District Judge for the District of Minnesota