# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3171

_____

United States of America,         *
                               *

         Appellee,        *

                               *   Appeal from the United States

   v.                         *   District Court for the

                               *   Northern District of Iowa.

Braun Nathan Thompson,    *

                               *       [PUBLISHED]

         Appellant.      *

_____

Submitted:  February 15, 2005
Filed:  June 1, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
    Judges.

_____

PER CURIAM.

Braun Thompson appeals his conviction and sentence on one count of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(e), one count of being a felon in possession of ammunition, *see* 18 U.S.C. §§ 922(g)(1), 924(e), and one count of possession of an unregistered firearm, *see* 26 U.S.C. §§ 5841, 5861(d), 5871.  We affirm.

Mr. Thompson challenges the denial by the district court[1] of his motion to suppress the evidence that a police officer seized after he stopped Mr. Thompson's vehicle for running a stop sign. "We examine the factual findings underlying the district court's denial of the motion to suppress for clear error and review de novo the ultimate question of whether the Fourth Amendment has been violated." *United States v. Neumann*, 183 F.3d 753, 755 (8th Cir. 1999), *cert. denied*, 528 U.S. 981 (1999).

The record amply supports the following findings of fact that the district court made. In the course of a traffic stop, an investigating officer peered at the back seat and saw two pry bars and an ax with a short handle. In addition, he noticed hand prints on the trunk, which otherwise was covered in gravel dust. When the officer asked Mr. Thompson for his driver's license, Mr. Thompson confessed that he was driving without a license; the officer subsequently determined that the vehicle was owned by Jeremy Weber of Rochester, Minnesota. Mr. Thompson also admitted that he was on parole for armed robbery. The officer then asked Mr. Thompson what was in his trunk, and Mr. Thompson responded by remarking that the keys were in the car, retrieving the keys, and opening the trunk. After the officer looked inside the trunk, he asked to search the vehicle, in response to which Mr. Thompson opened the left rear door and began handing the officer items that were inside the vehicle. During the search, the officer discovered a shotgun shell and a loaded, sawed-off shotgun, both of which he seized.

Mr. Thompson contends that the officer's query about the trunk and his request to search the vehicle went beyond the justifiable scope of a traffic stop for running a stop sign. *See United States v. Jones*, 269 F.3d 919, 924-25 (8th Cir. 2001). Even

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, adopting the report and recommendations of The Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa. *See* 28 U.S.C. § 636(b)(1)(B).

if Mr. Thompson were correct, the officer's observations, combined with his knowledge that several nearby farms located off gravel roads had been burglarized, gave him reasonable grounds to suspect Mr. Thompson of criminal activity that justified the inquiry. *See United States v. Poulack*, 236 F.3d 932, 936 (8th Cir. 2001), *cert. denied*, 534 U.S. 864 (2001).

Mr. Thompson also asserts that he did not voluntarily consent to the officer's search of his vehicle. We review the district court's conclusion to the contrary for clear error. *See United States v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990). Although Mr. Thompson's actions during the stop suggest that he voluntarily consented, *cf. Schneckloth v. Bustamonte*, 412 U.S. 218, 220, 248-49 (1973); *United States v. Chaidez*, 906 F.2d at 382, he contends that the officer deceptively induced his consent: To obtain Mr. Thompson's cooperation, the police officer told Mr. Thompson that he probably would give Mr. Thompson some breaks, implying that he would not ticket Mr. Thompson to the full extent that he could, when all along he intended to arrest Mr. Thompson for driving without a license and without insurance. Mr. Thompson further notes that the officer did not inform him of his *Miranda* rights or of his right to refuse to consent to the search. Whether Mr. Thompson "relied upon promises or misrepresentations made by the police" and whether he was "informed of [his] right to withhold consent or of [his] *Miranda* rights" do in fact affect our assessment of the voluntariness of his consent. *See Chaidez*, 906 F.2d at 381. But other considerations set out in *Chaidez* overwhelmingly favor the district court's finding that Mr. Thompson's consent was voluntary: Mr. Thompson is an adult with a lengthy criminal record; the traffic stop had lasted only a few minutes when the officer asked to look inside the trunk and the vehicle; and the police officer treated Mr. Thompson in a polite and friendly manner. *See id.* Therefore the district court did not clearly err in finding that Mr. Thompson voluntarily consented to the search.

Mr. Thompson also challenges the constitutionality of his sentence. The United States Sentencing Guidelines suggest a range of 262 to 327 months for each of Mr. Thompson's felon-in-possession convictions; the statutory maximum sentence is life imprisonment. The sentencing court[2] found that the guidelines range "substantially underrepresents the seriousness of [Mr. Thompson's] criminal history or the likelihood that he will commit other crimes." As a result, the sentencing court departed upward from the guidelines range and imposed two 420-month terms of imprisonment to run concurrently on the felon-in-possession counts. Mr. Thompson argued at sentencing and in his appellate brief that the sentencing court's upward departure from the guidelines range violated his sixth amendment rights.

Mr. Thompson was sentenced before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the sentencing court erred by not sentencing him under the advisory guidelines scheme set out in that case. Nevertheless, at Mr. Thompson's sentencing hearing, the court declared that, in the event that the guidelines "are found to be unconstitutional, in whole or in relation to this case," it would impose the same sentence. The sentencing court also said that, in deciding whether to impose the same sentence as an alternative, it "considered all the factors set forth at" 18 U.S.C. § 3553(a), which include the guidelines. After *Booker*, district courts must sentence defendants in light of the considerations set out in § 3553(a). *Booker*, 125 S. Ct. at 764-65. Because the sentencing court made known that it would impose the same 420-month sentence after taking those considerations into account, any error was harmless beyond a reasonable doubt.

We have considered Mr. Thompson's other assignments of error and have determined that they are meritless. We therefore affirm his conviction and sentence.

_____

---

[2] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.