# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 04-3635

————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Kevin Jay Bruce, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————

Submitted: June 7, 2005
Filed: July 13, 2005

————————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

————————

PER CURIAM.

Kevin Bruce pleaded guilty to escape. See 18 U.S.C. § 751(a). His sentencing hearing occurred after the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), but before the Court announced in United States v. Booker, 125 S. Ct. 738 (2005), that the federal sentencing guidelines were effectively advisory in all cases. At sentencing, when Bruce challenged the constitutionality of the Guidelines under Blakely, the district court[1] stated: "I have taken a position as to the guidelines that they are neither constitutional nor

————————

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

unconstitutional, that if they are eventually found to be constitutional, I'm going to sentence today on the grounds of those guidelines, and if they're found to be unconstitutional, I will have been sentencing on the ground that the guidelines were unconstitutional, but I was using the guidelines as a guide only, not relying on them as such." (S. Tr. 6). The court then sentenced Bruce to 37 months, the bottom of the applicable guidelines sentencing range.  Bruce now challenges the sentence.

We conclude that any error in applying the mandatory guidelines for one of the two alternative sentences is harmless, as the district court clearly indicated that it would impose the same sentence under an advisory system.  See United States v. Thompson, 408 F.3d 994, 996-97 (8th Cir. 2005) (per curiam).  The sentence also is not unreasonable with regard to 18 U.S.C. § 3553(a).  Accordingly, we affirm.

_____