# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1543

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Mark Edward Myers, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 13, 2005
Filed: March 2, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Mark Edward Myers pleaded guilty to unlawful possession of an unregistered firearm in violation 26 U.S.C. §§ 5841, 5845(a)(2), 5861(d), and 5871. The district court determined that the advisory guidelines sentence was thirty-seven to forty-six months, and sentenced Myers to twelve months and one day. The government appeals the sentence, as unreasonable. We remand for further fact-finding and reconsideration of Myers' sentence.

## I.   BACKGROUND

On November 20, 2003, Myers and a friend, Shawn, met a man, Gary, at a bar.[1] The three left the bar to go to Gulfport, Illinois, but stopped at Myers' house on the way. At this point the accounts of events diverge wildly, from Myers' girlfriend's friend's tale of a pre-meditated attempted murder and robbery to Myers' presentence interview account of a valiant attempt to defend his girlfriend's honor in the face of Gary's disparaging remarks, followed by Myers acting as peacemaker. However, it is undisputed that Myers hit and kicked Gary and that Myers used the offending firearm in connection with this assault.

After the altercation, Myers took Gary to the Lee County, Iowa, Sheriff's Office, where they both told officers that Myers had found Gary in a parking lot already beaten up. Myers then transported Gary to the hospital, because Gary said he could not afford an ambulance. A Sheriff's deputy met them at the hospital and advised Myers that he could go home. Gary was treated for facial injuries, abrasions to his left shoulder, and a large laceration to his head, receiving twelve to fourteen staples in the top of his head.

Later the same morning, Myers' girlfriend's friend called the Sheriff's Office to report that Myers and Shawn had assaulted Gary. Sheriff's deputies stopped Myers on his way to work, and Myers confessed to hitting Gary with a shotgun. Myers accompanied the Sheriff's deputies to his house and provided the clothing he had been wearing and the shotgun. He told the deputies that he bought the shotgun from his cousin several years earlier, which the cousin confirmed. The shotgun was

---

[1]The facts are gathered primarily from the Presentence Investigation Report, which contains the accounts of several witnesses. However, these accounts conflict in some important details, and discrepancies have been noted.

determined to have a sixteen-inch barrel and an overall length of twenty-three and nine-sixteenths inches.

On January 22, 2004, Myers pled guilty to assault with intent to inflict serious injury in Iowa state court. On September 20, 2004, in the United States District Court for the Southern District of Iowa, Myers pled guilty to unlawful possession of an unregistered firearm. There was no written plea agreement filed with the court. On January 24, 2005, Myers appeared for sentencing. The district court determined that the guidelines sentence was thirty-seven to forty-six months, based on the Presentence Investigation Report. The guidelines sentence was calculated from a base offense level of eighteen, a three-level adjustment for acceptance of responsibility, a two-level increase because the offense involved a destructive device, and a four-level increase because the firearm was used in connection with another felony offense.

At sentencing, Myers argued that he should be sentenced to the eighteen to twenty-four month guidelines sentence without the level increases, requesting a sentence of either probation or eighteen months. He argued that the two-level increase for possessing a destructive device should not apply, since the gun was not readily capable of launching a missile or otherwise being a destructive instrumentality. Myers also argued that since he had been punished separately in the state court for some of the conduct, the four-level increase for the firearm being used in connection with another felony offense should not apply. The government argued that Myers should be sentenced at the bottom of the guidelines range: thirty-seven months.

The district court sentenced Myers to twelve months and one day. The court considered the nature of the circumstances of the present offense, including the victim, Myers' characteristics, and the seriousness of the offense. The court found that probation was inappropriate, considering the seriousness of the offense, the need for deterrence and the need to send a message. The court also determined that Myers needed rehabilitation and that he had made a start in rehabilitation through successful

completion of an outpatient alcohol class.  The government appeals the sentence as unreasonable.

## II.  DISCUSSION

### A.    Standard of Review

Under the advisory sentencing guidelines, we engage in a two-step inquiry on review.  United States v. Mashek, 406 F.3d 1012, 1016-17 (8th Cir. 2005).  We first "examine de novo whether the district court correctly interpreted and applied the guidelines."  Id. at 1017.  We then review the sentence imposed for unreasonableness, taking into account the factors present in 18 U.S.C. § 3553(a).  United States v. Booker, 543 U.S. 220, 261 (2005).

We have determined that a sentence imposed within the guidelines range is presumptively reasonable.  United States v. Cawthorn, 429 F.3d 793, 802 (8th Cir. 2005).  While it does not follow that a sentence outside the guidelines range is unreasonable, we review a district court's decision to depart from the appropriate guidelines range for abuse of discretion.  United States v. Haack, 403 F.3d 997, 1003 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005).  Thus, "[a] discretionary sentencing ruling . . . may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case."  Id. at 1004.

-4-

## B. Reasonableness of the Sentence Under 18 U.S.C. § 3553(a)

Because neither party appeals the district court's calculation of the thirty-seven to forty-six month guidelines sentence, the sole issue is whether the imposition of a twelve-month-and-one-day sentence was unreasonable. The government argues that the sentence is unreasonable because the district court erred (1) by giving too much weight to Myers' lack of criminal history since the Criminal History Category of the sentencing guidelines matrix adequately accounts for this factor; (2) both by factually determining that Myers' had his family's support and by considering this factor in sentencing; and (3) by considering the needs of Myers' family for economic and emotional support as a factor in sentencing.

We cannot entirely agree with the government's position. Myers' lack of a criminal history, while reflected in the advisory sentencing guidelines, was properly considered as part of "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The availability of support from Myers' family and his family's need for his support are not specifically mentioned in section 3553(a). Though the district court did not err as a matter of course in considering these facts, the problem is that the record does not reflect how these facts connect to a relevant section 3553(a) factor.

The issue that we face is whether a twelve-month-and-a-day sentence is unreasonable in light of the section 3553(a) factors considered at sentencing: the nature of the circumstances of the current offense, including the victim, Myers' characteristics, and the seriousness of the offense. Nothing about the victim was mentioned at sentencing, and the district court termed the offense "extremely serious." The only section 3553(a) factor identified by the district court that weighs toward a more lenient sentence is Myers' lack of criminal history. Inasmuch as a guidelines sentence reflects a defendant's criminal history, a wide divergence from the guidelines sentence based solely on this single criterion would conflict with the need to avoid unwarranted sentence disparities among defendants with similar records who have

been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). Thus, if the district court's departure is based merely on a lack of criminal history, the significant divergence from the guidelines range would be unreasonable.

However, we also recognize that there is no numerical formula to determine whether a sentence is unreasonable and that significant deviations from guidelines sentences have been affirmed post-Booker. See, e.g., United States v. Rogers, 423 F.3d 823, 829-30 (8th Cir. 2005) (affirming increase from 57-71 month guidelines range to 360-month sentence), United States v. Pizano, 403 F.3d 991, 992 (8th Cir. 2005) (affirming sentence of 18 months, which was calculated beginning with a mandatory minimum of 120 months and reduced by the guidelines' safety valve and downward departure for substantial assistance). Though we have affirmed sentences within the guidelines range when the district court did not "categorically rehearse" each of the factors in section 3553(a), United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006), we here reiterate our concern that district courts elucidate their reasoning when sentencing defendants in order to assist reviewing courts and to avoid needless appeals. United States v. Engler, 422 F.3d 692, 696-97 (8th Cir. 2005) ; see also United States v. Dumorney, 949 F.2d 997, 998 (8th Cir. 1991).

Additionally, in this case, we cannot evaluate the nature of the offense conduct, since the Presentence Investigation Report contained conflicting accounts from Myers and other witnesses interviewed by the Lee County, Iowa, Sheriff's Office. Because both parties stated that there was no factual dispute, the district court did not address the varying accounts. On appeal, we cannot evaluate the veracity of Myers' explanation of the events and, so, must remand for further fact-finding.

## III.   CONCLUSION

We remand for imposition of sentence following more explicit and thorough consideration of all factors enumerated in section 3553(a), without expressing any opinion on the reasonableness of the sentence that should be imposed. United States v. Feemster, 435 F.3d 881, 884 (8th Cir. 2006).

BYE, Circuit Judge, dissenting.

The majority concludes the district court failed to adequately explain its reasons under 18 U.S.C. § 3553(a) for imposing a sentence of twelve months and one day. It further concludes the district court made insufficient fact findings to evaluate the nature of the offense conduct. Because the sentencing transcript reveals the district court fully considered the relevant § 3553(a) factors and was fully aware of the relevant conduct at the time of sentencing, I respectfully dissent.

As noted by the majority, the sole issue before this court is whether the sentence imposed by the district court was reasonable in light of the § 3553(a) factors. I believe it was, and contrary to the conclusion reached by the majority, the district court followed our accepted procedures for calculating a reasonable sentence. See e.g., United States v. Winters, 416 F.3d 856, 859 (8th Cir. 2005).

The majority first expresses concern because the district court described the offense as "extremely serious," yet made no mention of the victim as part of its § 3553(a) analysis. This assertion is simply wrong. The transcript of the sentencing hearing reveals the district court fully considered the nature and circumstances of the offense, as well as the victim. The court described Myers' conduct as "kicking people in the head with steel-toed boots or a gun," and characterized it as "violent activity . . . driven by alcohol." Sent. Tr. at 7. When the court questioned Myers, it asked: "And where did you learn such activity? This wasn't in the Marines, I hope, was it, to beat up people like you did this victim?" Sent. Tr. at 14. Later, as the district court was preparing to impose its sentence, it expressly stated it had "considered the nature of the circumstances of the present offense, including the victim in this case . . . the seriousness of the offense, which I consider extremely serious – any time you involve guns and beating up human beings, it's a serious offense." Sent. Tr. at 17. These excerpts make it readily apparent the seriousness of offense and impact on the victim were expressly considered, and our cases require no further showing to demonstrate these § 3553(a) factors were taken into account. We have repeatedly stated: "Nothing

in § 3553(a) . . . requires 'robotic incantations' that each statutory factor has been considered." United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (citations omitted). Nor do we "require a district court to categorically rehearse each of the section 3553(a) factors on the record when it imposes sentence so long as it is clear that they were considered." United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006); see also United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) ("The relevant inquiry is not whether the district court quoted or cited § 3553(a); it is whether the district court actually considered the § 3553(a) factors."); United States v. Thompson, 408 F.3d 994, 997 (8th Cir. 2005) (per curiam) (affirming an upward departure where the district court simply stated it had "'considered all the factors set forth at' 18 U.S.C. § 3553(a)."). My review of this record leads me to the unmistakable conclusion the district court was keenly aware of its duty to consider the offense and the victim, and did so.

Next, the majority concludes the only factor considered by the district court "that weighs toward a more lenient sentence is Myers' lack of criminal history," and that standing alone was insufficient to justify the court's sentence. Once again, I respectfully disagree.

The district court gave careful consideration to the complete history and all the characteristics of the defendant. In addition to Myers' lack of criminal history, the sentencing transcript reveals he served honorably for ten years in the United States Marine Corps. Prior to his offense, he had been consistently employed, was working toward a criminal justice degree, and had made arrangements for future employment in the event he was not incarcerated. The record reflects the district court considered Myers' difficulties with alcohol, the steps he had taken to overcome his alcohol dependency, and his need for further rehabilitation. Finally, the court was aware Myers was married with two young children. After explicitly considering these additional characteristics, the need for deterrence, and the guidelines, the court concluded: "I don't think that I can give you probation because it would not be in keeping with the statute or in my sense of what's a fair sentence. On the other hand, I think it's clear that you need rehabilitation, and while you may have a good start, it's

only that, a start, and there are other sentences available to me." Sent. Tr. at 17. In the end, the district court concluded the appropriate sentence was twelve months and one day. Based on the district court's careful consideration of the circumstances surrounding this case, and its thorough analysis of the § 3553(a) factors, I cannot say the sentence imposed was unreasonable.

Finally, the majority asserts we must remand for further fact finding because the district court failed to resolve the conflicting accounts of the offense as recounted by Myers and other witnesses and set forth in the Presentence Investigation Report (PSR). I disagree.

A PSR is not evidence. United States v. Poor Bear, 359 F. 3d 1038, 1041 (8th Cir. 2004). "If the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof . . . the government must present evidence at the sentencing hearing to prove the existence of the disputed facts." Id. Facts which have not been so proved may not be relied on by the district court at sentencing. Id. Here, Myers steadfastly denied any suggestion he ever intended to rob or murder the victim. Thus, the onus was on the government, if it believed it could prove Myers' planned to murder the victim, to present evidence of such intent. It chose not to. At the sentencing hearing the government specifically stated there were no factual disputes for the court to resolve. Because the government did not present any evidence and expressly waived any claim of a relevant factual dispute, it may not now complain that otherwise relevant conduct was not taken into account at sentencing.

The district court correctly recognized it was prohibited from relying on the disputed information contained in the PSR. Moreover, it was not obliged to ferret out the evidence necessary to resolve the dispute – a dispute the government failed to advance. Accordingly, no error occurred and remand is unnecessary. See United States v. Hudson, 129 F.3d 994, 995 (8th Cir. 1997) (holding when the government failed to present sufficient evidence at sentencing, the record would not be reopened at resentencing).

For the reasons stated herein, I respectfully dissent.

_____