

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# USA v. Festus

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Festus" (2006). *2006 Decisions*. Paper 985.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/985

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3599
_____

UNITED STATES OF AMERICA,


vs.

RASHEEM FESTUS
Appellant.

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(No. 03-cr-00025)
District Judge: Honorable Michael M. Baylson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2006


_____

Before: MCKEE and GARTH, Circuit Judges, and LIFLAND, District Judge[*]

( Filed: June 1, 2006)
_____

OPINION
_____

_____

[*] The Honorable John C. Lifland, Senior District Judge for the District of New Jersey,
sitting by designation.

GARTH, <u>Circuit</u> <u>Judge</u>:

Rasheem Festus challenges his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), contending that the mandatory application of the sentencing guidelines and the imposition of certain sentencing enhancements violated his Sixth Amendment rights. He also contests, as an alternative to his constitutional argument, the reasonableness of his sentence. We will affirm.[1]

We write only for the benefit of the parties, who are presumed to be well-versed with the factual and procedural background. We thus proceed directly to our analysis, turning first to the constitutional part of this appeal.

I.

On October 7, 2003, Festus pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Festus urged the District Court to hold the sentencing guidelines unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). He also objected to certain factual findings made by the District Court with respect to the sentencing guidelines range. The District Court overruled the objections to its findings and declined the invitation to invalidate the guidelines. The District Court thereupon imposed a sentence of 105 months imprisonment, a term of supervised release of three years, a

---

[1] The District Court had jurisdiction pursuant 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a).

$1,500 fine, and a special assessment of $100.  However, the District Court also issued an alternative sentence in the event "the guidelines did not apply," stating that it "would impose the same sentence without the guidelines."

Having been sentenced prior to *Booker*, Festus argues on appeal that this case should be remanded for resentencing in accordance with *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc).  We there held that defendants sentenced before *Booker* should have their sentencing challenge "remand[ed] for consideration of the appropriate sentence by the District Court in the first instance." *Id.* at 166.  The government concedes that the District Court committed two distinct errors at the sentencing hearing: viz., applying the guidelines as mandatory and engaging in impermissible judicial fact-finding. The government argues, however, that remand is not necessary in light of the District Court's statement of an alternative sentence.  We agree.

We have held, in *United States v. Hill*, 411 F.3d 425 (3d Cir. 2005), that "where . . . a District Court clearly indicates that an alternative sentence would be identical to the sentence imposed under the Guidelines," a remand is not warranted, because "any error that may attach to a defendant's sentence under *Booker* is harmless." *Id.* at 426.  *Hill* effectively created an exception to the general remand procedure outlined in *Davis*.  We find that exception fully applicable here, as the District Court's statement of an alternative sentence possessed the requisite degree of clarity demanded by *Hill.*  The District Court noted, in unequivocal terms, that it would impose "the same sentence without the

guidelines."

Festus argues, however, that the District Court's statement did not accurately anticipate the Supreme Court's reasoning in *Booker*, thereby placing this case outside the ambit of the *Hill* exception. The District Court envisioned the sentencing guidelines as having no application, whereas *Booker* rendered the guidelines advisory. We are not persuaded by this argument, nor do we believe it distinguishes *Hill* from this case in any material respect. The alternative sentence in *Hill* was based "on an indeterminate sentencing scheme," which, while perhaps being more vague, was no more accurate in predicting the advisory scheme established by *Booker*. *See Hill*, 411 F.3d at 426; *see also United States v. Christopher*, 415 F.3d 590, 593 (6th Cir. 2005) (holding any sentencing error to be harmless, where district court issued an alternative sentence "in the event an appellate court finds that the Sentencing Guidelines should not be applicable"); *United States v. Thompson*, 408 F.3d 994, 996-97 (8th Cir. 2005) (holding that where district court imposed identical alternative sentence in the event that the guidelines "are found to be unconstitutional," any sentencing error was harmless). We therefore hold, in accordance with *Hill*, that any *Booker* error attaching to Festus's sentence was harmless.

II.

Festus next challenges his sentence as unreasonable. He argues that the District Court failed to adequately consider the relevant sentencing factors set forth in 18 U.S.C. §

-4-

3553(a).[2] This statutory challenge also proceeds under *Booker*, relying as it does upon the Supreme Court's command therein that appellate courts review federal criminal sentences for reasonableness with regard for the § 3553(a) factors. *See Booker*, 543 U.S. at 261. We conclude, for the reasons stated below, that the District Court adequately considered the relevant § 3553(a) factors.

We note at the outset that the government has challenged our jurisdiction to review the reasonableness of a sentence. That contention, whatever its merits, has been foreclosed by our recent decision in *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), which was issued after briefing in this case had been completed. We there held that an unreasonable sentence is "imposed in violation of law" under 18 U.S.C. § 3742(a)(1), thus establishing our appellate jurisdiction under that provision to review the

---

[2] The relevant factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

18 U.S.C. § 3553(a).

reasonableness of a sentence.[3]  *Id.* at 327.  Accordingly, contrary to the government's

contention, we have jurisdiction under § 3742(a)(1) to review sentences for

reasonableness.

In *Cooper*, we also explained the substance of our post-*Booker* reasonableness

review:

> The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing. Nor will we require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory.  On the other hand, a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises "a ground of recognized legal merit (provided it has a factual basis)" and the court fails to address it.

*Id.* at 329.  We further noted that "it is less likely that a within-guidelines sentence, as

opposed to an outside-guidelines sentence, will be unreasonable."  *Id.* at 331.  Appellants

have the burden of demonstrating unreasonableness.  *Id.* at 332.

In this case, Festus has not met his burden of proving the sentence was

---

[3] 18 U.S.C. § 3742(a) provides:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence-

(1) was imposed in violation of law;
(2) was imposed as a result of an incorrect application of the sentencing guidelines; or
(3) is greater than the sentence specified in the applicable guideline range . . . , or
(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

unreasonable. The District Court imposed a sentence within the guidelines range, albeit at the highest end of that range, thus making a finding of unreasonableness less likely.[4] The court also appropriately considered the sentencing arguments raised by both parties. In addition, the record shows that the District Court took the relevant § 3553(a) factors into account in sentencing. The District Court considered (1) the "horrible criminal record," *see* 18 U.S.C. § 3553(a)(1) ("the history and characteristics of the defendant"); (2) the need "to look out for the public," *see* 18 U.S.C. § 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"); and (3) the fact that, in the court's judgment, Festus is "a dangerous person," *see* 18 U.S.C. § 3553(a)(2)(C) ("the need for the sentence imposed . . . to protect the public from further crimes of the defendant"). While the District Court neither recited nor considered each and every § 3553(a) factor, it was not required to do so. *See Cooper*, 437 F.3d at 329. We find that the District Court's judgment of sentence was reasonable under *Booker*.

### III.

For the foregoing reasons, we will affirm the judgment of sentence.[5]

---

[4] *Compare U.S. v. Zapete-Garcia*, --- F.3d ----, 2006 WL 1216670 (1st Cir. May 8, 2006) (vacating unreasonably high sentence that was eight times the maximum specified by the advisory guidelines); *U.S. v. Davenport*, --- F.3d ----, 2006 WL 1044476 (4th Cir. April 21, 2006) (holding that imposition of ten year sentence, which was more than three times the top of the advisory guideline range, was unreasonable).

[5] In doing so, we also grant the government's motion to file a supplemental brief and deny Festus's summary remand motion.